711 P.2d 889

**Jennetta SCHWEITZER,
Plaintiff-Appellee,**

**v.**

**Charles Austin BURCH,
Defendant-Appellant,**

**and**

**the Public Employees Retirement Board
of the State of California, Defendant.**

**No. 15728.**

Supreme Court of New Mexico.

Dec. 23, 1985.

Rehearing Denied Jan. 9, 1986.

Roberta Beyer, Albuquerque, for defendant-appellant.

MaryBelle D. Archibald, Deputy Atty. Gen., Sacramento, Cal., Robert J. Maguire, Albuquerque, for defendant PERA.

Prentis Reid Griffith, Krista Dianne Steel, Los Alamos, for appellee.

## OPINION

RIORDAN, Justice.

Plaintiff Jennetta Schweitzer (Schweitzer) brought suit against defendant Charles Burch (Burch) seeking payment of a portion of Burch's retirement benefits. After a hearing, the district court granted summary judgment awarding Schweitzer the requested payment. Burch appeals. We affirm in part and reverse in part.

The issue on appeal is whether community property retirement benefits can survive the death of either beneficiary.

Burch's marriage to Mary Elizabeth Burch (Mrs. Burch) was dissolved by final decree on January 4, 1979. The divorce court divided the parties' community property, awarding Mrs. Burch an interest in Burch's retirement benefits which he earned during their marriage through his employment with the University of California at the Los Alamos National Laboratory and with the Atomic Energy Commission. Mrs. Burch was to receive her interest in the form of a portion of each monthly benefit check. Mrs. Burch died on October 16, 1981, leaving her entire estate to Schweitzer, her sister. Burch began receiving the benefits on January 1, 1982. Burch refused to disburse to Schweitzer any portion of the benefit checks that she alleged she was entitled to as the beneficiary of Ms. Burch's estate. Schweitzer sued Burch on a contract theory for money due. After hearing motions, the district court entered summary judgment in favor of Schweitzer, finding that:

> The right of the former wife, after a divorce proceeding, to receipt of her Court awarded one-half interest in community property retirement plans of a couple does not cease upon her death merely because the particular form of

community property awarded was retirement benefits on a pay as it comes basis. The district court then determined that Mrs. Burch's community interest in Burch's retirement benefits did not terminate at Mrs. Burch's death, but instead, was a devisable property right that passed to Schweitzer. The record is unclear but it appears and we assume for the disposition of this case, that the retirement program was one in which the parties contributed a portion of Burch's earnings to the retirement program.[1]

On appeal, Burch argues that the district court erred in awarding summary judgment in favor of Schweitzer. He relies on *Waite v. Waite*, 6 Cal.3d 461, 99 Cal.Rptr. 325, 492 P.2d 13 (1972), in urging this Court to adopt a rule whereby a non-employee spouse's[2] interest in community property retirement benefits cannot be devised. In *Waite*[3] the trial court had awarded the wife or her devisees or heirs a community interest in her husband's judicial retirement benefits. On appeal, the California Supreme Court held that although the pension benefits were community property and that a portion of the benefits were contributed by the parties during marriage, *only* the wife, not her devisees or heirs, could share in the retirement benefits. That court based its holding, in part, on the employer's purpose in providing the pension program—to provide sustenance for the employee and his or her spouse. The court reasoned that once the spouse dies, his or her need for subsistence terminates, as does the employer's concern with his or her sustenance. The focus then becomes providing subsistence to the employee.

While we agree with *Waite* that a major objective of a retirement program is the sustenance of the employee and his or her spouse, we believe that the holding in

---

1. We distinguish between a contributory plan (one in which the employee spouse contributes a portion of his or her taxable income) and a non-contributory plan (one funded entirely by the employer, including those funded as a result of a profit sharing plan or collective bargaining).

2. Spouse includes "former spouse."

3. The retirement program under *Waite* was a contributory plan.

*Waite* failed to recognize that the non-employee spouse had contributed one-half of the community property retirement contributions paid into the fund during marriage and was entitled to payment of at least that amount, just as with any other community asset that a party contributed to by virtue of the marriage.

In *Copeland v. Copeland*, 91 N.M. 409, 575 P.2d 99 (1978), this Court determined that retirement benefits acquired during marriage are community property subject to division upon dissolution of the marriage.[4] We further determined that at the time of dissolution the trial court should determine the present value of the unmatured retirement benefits, divide that amount, and either give a "lump sum" award or a "pay as it comes in" award. *Id.* at 414, 575 P.2d at 104. We now modify *Copeland* prospectively to hold that upon dissolution of marriage, unless both parties agree otherwise, the trial court must divide community property retirement benefits on a "pay as it comes in" basis. We also hold that any order dividing benefits on a "pay as it comes in" basis must be construed as terminating upon the death of either spouse, unless the amount contributed by the community has not yet been paid out in benefits. In that situation, the surviving spouse and the estate of the deceased spouse shall share any continuing payments until the non-employee spouse, or his or her estate, shall have received an amount equal to his or her proportionate share of the community contributions to the retirement plan.

The reason that we now require that all benefits are to be paid on a "pay as it comes in" basis is to assure equity and fairness. Otherwise, the court could award a "lump sum" benefit in one case which would grant to the non-employee spouse an amount that might not ever be received if either spouse died before the projected benefits had been paid out; and on a "pay as it comes in" basis in another case, which would operate to the benefit of the employee spouse whose retirement income would not have to be divided after the non-employee spouse's death. The inequality would be compounded if the employee spouse died first, having received only a portion of his or her divided share but having paid the ex-spouse the present value of all of his or her estimated lifetime share under the lump sum decree. If the employee spouse is guaranteed the return of his or her contributions regardless of whether he or she dies before receiving the retirement benefits, then the non-employee spouse is entitled to his or her proportionate share, but if the employee spouse's death terminates or extinguishes the retirement benefits, the non-employee spouse shall not have any further claim for benefits.

If the non-employee spouse dies before receiving his or her share of the retirement that is equal to his or her proportionate share of the contributions,[5] then the estate or beneficiary of the non-employee spouse is entitled to receive the benefits until the amount of the deceased spouse's share of those contributions has been received, at which time that interest in contributions made by the community lapses, and the employee spouse will have no further liability to the non-employee spouse's estate and will be entitled to the remainder of the retirement.[6] If at time of death the amount of the decedent's contribution has already been received, or if it is a non-contributory plan, the decedent's interest in the retirement benefits cease. If the non-employee spouse dies after receiving an amount equal to or in excess of his or her

---

4. The holding of Copeland that retirement benefits are community property subject to division upon dissolution of marriage is not affected by our ruling today. If the non-employee spouse is awarded a share of the retirement benefits, his or her right to receive them until the benefits terminate is not affected unless he or she dies.

5. If the plan is non-contributory, the benefit to the non-employee former spouse ceases upon the non-employee spouse's death.

6. If the employee spouse never receives the benefits, then the non-employee spouse's estate or beneficiary will not be entitled to any benefits.

616

share of the contribution, then there is no interest to devise.

We believe that this holding will achieve the objectives of retirement programs in providing subsistence for retired workers while at the same time complying with the community property principles that New Mexico follows.

■ Summary judgment is proper if "there is no genuine issue as to any material fact and * * * the moving party is entitled to a judgment as a matter of law." NMSA 1978, Civ.P.R. 56 (Repl.Pamp.1980); *see Sweenhart v. Co-Con, Inc.,* 95 N.M. 773, 626 P.2d 310 (Ct.App.), *cert. denied,* 95 N.M. 669, 625 P.2d 1186 (1981). There being no issue of material fact and in view of our analysis of *Waite* and modification of *Copeland,* we conclude that the district court did not err in entering summary judgment in favor of Schweitzer. However, we direct the district court to modify its ruling to provide that, as heir of Mrs. Burch's estate, Schweitzer is entitled to receive only the amount equal to Mrs. Burch's contributions under the retirement plan, payable as the retirement benefits are received.

The judgment of the district court is affirmed as modified.

IT IS SO ORDERED.

FEDERICI, C.J., SOSA, Senior Justice, and WALTERS, J., concur.

STOWERS, J., dissents.

STOWERS, Justice, dissenting.

I dissent with the majority opinion. The community property interest of a non-employee spouse's interest in retirement benefits should terminate upon his or her death, regardless of whether the retirement plan is contributory or non-contributory. The majority fails to recognize that the sole and primary purpose of retirement benefits is to provide subsistence to the employee and his spouse. In the case of *Waite v. Waite,* 6 Cal.3d 461, 473, 99 Cal.Rptr. 325, 333, 492 P.2d 13, 21 (1972), the California court points out:

The state's concern, then, lies in provision for the subsistence of the employee and his spouse, not in the extension of benefits to such persons or organizations the spouse may select as the objects of her bounty. Once the spouse dies, of course, her need for subsistence ends, and the state's interest in her sustenance reaches a coincident completion. When this termination occurs, the state's concern narrows to the sustenance of the retired employee; its pension payments must necessarily be directed to that sole objective.

In this case, Mrs. Burch's community property interest in the retirement benefits was contingent upon her and Burch living. Certainly, the court when it granted the divorce did not contemplate anything else, since no attempt was made to fix a dollar amount on Mrs. Burch's community interest in the retirement benefits, nor did the court know what the monthly benefits would be. This being the case, it becomes readily apparent that Mrs. Burch's interest in the monthly retirement payments was contingent upon her survival and Burch's survival. To reach any other conclusion would lead to results that are not contemplated in the retirement concepts. The court in *Bensing v. Bensing,* 25 Cal.App.3d 889, 102 Cal.Rptr. 255 (1972), also recognized that a wife's interest in her husband's retirement benefits terminates upon her death.

The *Bensing* court stated:

* * * if the wife dies before the monthly payments to her amount to the actuarial "present value" of the pension, the payments to her cease and her share is payable to the husband. Her devisees and heirs are not entitled to the share of the pension she would have received if she had lived. *Id.* at 893, 102 Cal.Rptr. at 257.

Moreover, in the case of *In re Marriage of Lionberger,* 97 Cal.App.3d 56, 71, 158 Cal.Rptr. 535, 543 (1979), the court struck down an Interlocutory Decree of Dissolution which contained the following provision:

Petitioner's interest is alienable, inheritable, and assignable in the same manner as respondent's interest in the pension or retirement plan of the Third-Party Defendant.

In this case, Burch's interest in his retirement benefits terminates upon his death; therefore, Mrs. Burch's interest should also terminate upon her death. To allow Schweitzer to share in Burch's retirement benefits is an inequitable, unfair, and unreasonable result.

For the above reasons, I dissent.