649 P.2d 1384

Mary Ann CHRANE, Petitioner-Appellee,

v.

George H. CHRANE,
Respondent-Appellant.

No. 13883.

Supreme Court of New Mexico.

Aug. 17, 1982.

Lamb, Metzgar & Lines, Farrell L. Lines, Jeffrey A. Dahl, Albuquerque, for respondent-appellant.

Thomas J. Clear, Jr., Albuquerque, for petitioner-appellee.

## OPINION

FEDERICI, Justice.

Petitioner, wife, and respondent, husband, were married for twenty-three years. Petitioner was awarded a final decree of divorce on August 12, 1981. Two children were born of the marriage and are of majority age, both emancipated. At the time of the divorce action, respondent had a net income of $1,676 monthly and the parties owned a home, which has a fair market value of $60,000, a mortgage of $15,000, and an equity of $45,000.

After a hearing on the merits, the trial court entered a final decree providing that respondent pay $500 per month alimony to petitioner for life; that respondent pay existing mortgage payments of $255 per month; that petitioner have a possessory right (life estate) in the home; that petitioner have the right to live in the house until death, remarriage or sale; that respondent pay an additional $1,400 to petitioner in retroactive temporary support; and that respondent have a lien of $4,528 against the home, this sum being the net

difference between debts to be paid by him and his share of community property.

Respondent appeals. We affirm in part and reverse in part.

The issues presented are: (1) whether the award of alimony as well as a present interest in the house is double payment of alimony by respondent; (2) whether the trial court miscalculated the amount of reimbursement due to respondent because of his overpayment of a community debt from his separate property; and (3) whether the court erred in awarding petitioner a retroactive increase in temporary support.

I.

■ It is established law in New Mexico that a court has the discretion to allow either party a reasonable portion of the spouse's separate property, in a lump sum or in installments by way of alimony, as under the circumstances of the case may seem just and proper. Section 40–4–7, N.M.S.A.1978. This Court, in reviewing the power to grant alimony, examines the evidence only to determine whether the trial court abused its discretion in fixing an amount which was contrary to all reason. *Sloan v. Sloan*, 77 N.M. 632, 426 P.2d 780 (1967); *Redman v. Redman*, 64 N.M. 339, 328 P.2d 595 (1958).

■ In this case, the court awarded to the wife, $500 per month alimony. In addition, the judgment provided that the wife be allowed to live in the house until her death or until she remarried, or until she decided that the house should be sold. We believe that this is an abuse of discretion.

Husband has testified that he is required to pay a total of $750 per month out of a net of $1,676 per month which he receives. The net effect of leaving the home to the wife until she remarries or dies or decides to sell it, is to divest the husband of his equity in the property. In fact, he may never live to receive any portion of that equity.

Under these circumstances, it is our opinion that the trial court should order the house sold and the net proceeds distributed to the parties within a reasonable time, or make such other disposition of the home as will result in the husband receiving, within a reasonable time, his share of the value of the home.

II.

■ Respondent contends that the trial court failed to reimburse him for his separate property expended on community debt and miscalculated the amount of reimbursement due him. The record clearly shows that the debts which respondent is obligated to pay total $13,847.56. In the division of community property, respondent's share was found to be $7,150 greater than that of the petitioner. Respondent retained $769.44 of the $10,000 certificate of deposit. The court found that this left respondent a balance of $5,928.12 deficit in the amount of bills paid over assets he received. When a $1,400 deduction was made from the alimony payment for four months during the pendency of the litigation, the balance due respondent became $4,528. The court so found and ordered that a lien in that amount attach to petitioner's community share in the real property. The lien would be discharged when paid from the proceeds of the property when sold. The lien was created because, as the trial court stated, "it is obvious that Petitioner cannot pay this now nor is it likely that she will have the ability to pay in the foreseeable future." The trial court did not err in imposing the lien. However, as we discuss below, it was error for the court to deduct $1,400 from the balance due respondent. Accordingly, we reverse the court on this issue and instruct the trial court to order that the lien attaches to the property in the amount of $5,928.12.

III.

■ Under this point, respondent contends that the trial court erred in modifying

retroactively the amount of alimony provided for by a previous order. We agree. Generally, a court cannot retroactively modify a support order that has accrued and become vested. This Court so stated in the child support case of *Mask v. Mask*, 95 N.M. 229, 620 P.2d 883 (1980); this principle applies equally to modification of alimony payments. *See Gomez v. Gomez*, 92 N.M. 310, 587 P.2d 963 (1978), *rev'd. on other grounds*, 95 N.M. 189, 619 P.2d 1233 (1980); § 40-4-7, *supra*. The questions of payment of child support and alimony are analogous. They are both personal rights. The same legal principle should usually apply to both.

We recognize that there have been exceptions to this general rule, arising in situations where the ex-spouse who is receiving the alimony, also receives support from other sources, most notably following a remarriage. In such cases, public policy has compelled this Court to allow retroactive reductions of alimony, as of the date of the commencement of the other means of support. *Brister v. Brister*, 92 N.M. 711, 594 P.2d 1167 (1979); *Hazelwood v. Hazelwood*, 89 N.M. 659, 556 P.2d 345 (1976). We find no precedent or special circumstances to justify an exception to the general rule in this case.

That portion of the trial court's judgment refusing to grant the husband relief on the sale of the house and granting to petitioner the sum of $1,400 retroactive temporary support and ordering a lien to the husband for only $4,528 are reversed. The trial court is affirmed on all other issues. Each of the parties shall bear their own costs and attorney fees in this appeal.

SOSA, Senior Justice, and RIORDAN, J., concur.