687 P.2d 83

**Robert Donald RUSSELL,
Petitioner-Appellant,**

v.

**Joan Theresa RUSSELL,
Respondent-Appellee.**

No. 14894.

Supreme Court of New Mexico.

Jan. 12, 1984.

Wycliffe V. Butler, Albuquerque, for petitioner-appellant.

Grammer & Grammer, David A. Grammer III, Albuquerque, for respondent-appellee.

## OPINION

SOSA, Senior Justice.

This suit was brought by Robert Russell (Petitioner) in the District Court of Bernalillo County for dissolution of marriage. Joan Russell (Respondent) counterclaimed for alimony. Following a non-jury hearing, the district court awarded respondent $300.00 per month alimony. Petitioner appeals, claiming error in the award of alimony. He contends the alimony award was an abuse of discretion and should be reversed.

Alimony is the sole issue to be decided by this Court. We find that there was no abuse of discretion in the award of alimony

and affirm the trial court. Attorney's fees were requested by respondent and are granted.

Robert and Joan Russell were married 17 years. The parties have one child 16 years of age. Petitioner is 56 years of age and is retired from the Air Force after 28 years of service as a senior master sergeant. He has two years of college and work experience as a medical materials supervisor. Although he was gainfully employed full time after his service retirement until 1982, at the time of the dissolution of the marriage he was unemployed and attending drafting school on the GI Bill. His income included monthly military retirement benefits of $1452.42, GI Bill educational benefits of $360.00 per month, and income from real estate.

Respondent wife is 55 years of age and a high school graduate. She has not worked since 1966 when the child of the parties was born. Respondent accompanied her husband on an overseas tour from 1969 to 1974. Except for a few months employment in temporary clerical work, she has not worked for over fifteen years.

After the parties separated, Respondent found part-time employment as a secretary. In addition she attended school in an attempt to improve her job skills. She has submitted numerous applications for full-time employment, but has not been hired. She applied for a position with the City of Albuquerque, but was unable to pass the clerical skills requirement for the position.

Respondent has a recent history of serious medical problems including toxic shock syndrome, respiratory failure and cardiac arrest. She was hospitalized twice, first in 1980 for three months in intensive care, and again in 1981 for surgery. The trial court found she has continuing medical problems. There was no disagreement between the parties as to the wife's past medical problems. Although there was no expert medical testimony at trial as to her present health condition, the court accepted the wife's testimony as to her present state of health.

■ It is within the discretion of the trial court to rule on opinion evidence. *State v. Day,* 94 N.M. 753, 617 P.2d 142, *cert. denied,* 449 U.S. 860, 101 S.Ct. 163, 66 L.Ed.2d 77 (1980); *State v. Rondeau,* 89 N.M. 408, 553 P.2d 688 (1976); *State v. Luna,* 92 N.M. 680, 594 P.2d 340 (Ct.App. 1979). The court in *Luna* observed that testimony concerning personal perceptions may be given by a non-expert where "the witness's opinion might be helpful in the determination of the facts in issue * * *" 92 N.M. at 684, 594 P.2d at 344.

Under New Mexico Rules of Evidence, [i]f the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

NMSA 1978, Evid.R. 701 (Repl.Pamp.1983). In the discussion of Rule 701, the *Luna* court proposed that the rational basis requirement is satisfied if "the opinion or inference is one which a normal person would form on the basis of the observed facts." 92 N.M. at 685, 594 P.2d at 345. When the two requirements of Rule 701 are met and the court determines the non-expert opinion is helpful in the determination of the facts in issue, the court may admit the evidence. *Id.* at 684, 594 P.2d at 344.

■ We find no indication that the trial court in permitting the wife to testify as to her present medical condition, did not follow the requirements as prescribed in *Luna.* The witness had the ability to describe the present pain she was experiencing and her difficulty in breathing. The court had ample opportunity to observe and question the witness and make a determination as to her credibility and knowledge.

After a hearing on the merits the trial court entered a final decree providing for: 1) a division of the savings accounts and real estate contracts of the parties; 2) an award of child support to respondent in the amount of $220.00 per month; and 3) an

alimony award of $300.00 per month. Respondent's annual gross earnings from her part-time employment at the time were $4,550.00. Her total gross annual income, including child support, was $8,430.00.

Although unemployed, petitioner has income derived from various military benefits totaling over $20,000.00 annually. He complains that his debt payment obligations make it impossible for him to meet the $300.00 per month alimony payment. These voluntarily assumed debts were incurred near the time of separation. The debts include payments on his 1979 Lincoln Continental Mark V Bill Blass Edition automobile and his newly purchased mobile home. He contends respondent's present part-time employment plus her potential to do full time work make the alimony award an abuse of discretion under *Lovato v. Lovato*, 98 N.M. 11, 644 P.2d 525 (1982). *Lovato* indicates that the trial court should structure alimony in a manner that will encourage the recipient spouse to take steps toward self support. We adhere to that principle.

▮ In New Mexico we have given the trial court wide discretion to award the amount of alimony. *Id.; Brister v. Brister*, 92 N.M. 711, 594 P.2d 1167 (1979). Discretion is given to the trial court in order to provide the alimony recipient the subsistence necessary after the support of marriage is removed. *Brister*, 92 N.M. 711, 594 P.2d 1167 (1979). The total circumstances of the supporting spouse as well as those of the recipient spouse must be considered to avoid hardship on the part of the supporting spouse and not permit the recipient spouse to "abdicate the responsibility for his or her own support and maintenance and place that upon the other." *Lovato*, 98 N.M. at 13, 644 P.2d at 527. In a determination of the amount of alimony, we have demanded a strict adherence to the rule of giving due consideration to such factors as "the needs of the wife, her age, health and means to support herself, the earning capacity and future earnings of the husband, the duration of the marriage, and the amount of property

owned by the parties." *Michelson v. Michelson*, 86 N.M. 107, 110, 520 P.2d 263, 266 (1974); *Lovato*, 98 N.M. at 13, 644 P.2d at 527. We stated in *Lovato*, "[i]t is the duty of the trial court to make a decision based upon all the facts and upon all the considerations that will result in fairness to both parties involved in an alimony and support situation." *Id.*

In *Lovato* we noted that several states were requiring divorced spouses to seek employment when possible, with alimony being used as a "method of allowing a divorced spouse to gain personal independence by helping the person disadvantaged by the marriage and the divorce to extricate himself or herself from such a position." *Id.* at 13, 644 P.2d 525. New Mexico recognizes and approves this national trend, but we firmly repeat that this must be done on a case by case basis, with the trial court balancing all factors and all surrounding circumstances as outlined in *Lovato, Brister, Michelson* and *Ellsworth v. Ellsworth*, 97 N.M. 133, 637 P.2d 564 (1981) (considering the income-producing capacity of property in an alimony award).

▮ In considering the award of alimony, this Court examines the record only to determine if the trial court abused its discretion by fixing an amount that was contrary to reason. *Chrane v. Chrane*, 98 N.M. 471, 649 P.2d 1384 (1982). In the instant case the record reflects the petitioner voluntarily assumed most of the debts complained of near or after the separation of the parties. The trial court had the opportunity to weigh these debts when the alimony award was made. After examining the record before us, we find no abuse of discretion by the trial court. We hold that the voluntary assumption of excessive financial burdens is not a proper basis for alimony reduction. Cf. *Henderson v. Lekvold*, 95 N.M. 288, 621 P.2d 505 (1980). (Voluntary assumption of excessive financial burdens is not a proper basis for reducing child support award).

▮ The trial court was mindful of all of the factors prescribed by *Michelson*, and fairly awarded the wife monthly alimony

that was reasonable and consistent with the circumstances of the parties. We will not disturb the findings and conclusions of the trial court when neither abuse of discretion is shown, nor a demonstration of sufficient change in circumstances to justify a modification of alimony.

The request for respondent's attorneys fees for this appeal is granted in the amount of $1500.00 pursuant to NMSA 1978, Section 40-4-7(A) (Rep.Pamp.1983).

The order of the trial court for the award of alimony in the sum of $300.00 per month is affirmed.

IT IS SO ORDERED.

FEDERICI, C.J., and RIORDAN, J., concur.