720 P.2d 1236

**Hal H. DUNNING, Petitioner,**

v.

**Anne M. DUNNING, Respondent.**

**No. 15923.**

Supreme Court of New Mexico.

June 10, 1986.

Montoya, Murphy, Kauffman & Garcia, Michael A. Kauffman, Sante Fe, for petitioner.

Ann Yalman, Montgomery & Andrews, Sarah M. Singleton, Santa Fe, for respondent.

OPINION

STOWERS, Justice.

Hal H. Dunning (Dunning) petitioned this Court on a writ of certiorari to review the judgment of the Court of Appeals in *Dunning v. Dunning*, 104 N.M. 296, 720 P.2d 1237 (Ct.App.1985). We affirm in part and reverse in part the opinion of the Court of Appeals.

The Court of Appeals addressed two issues in its opinion. The first issue deals with whether the district court abused its discretion for failing to terminate or reduce Dunning's alimony obligations due to his ex-wife's (Mrs. Dunning) decreased need. We affirm the Court of Appeals and hold that the district court did not abuse its discretion when it determined, after a lengthy trial, that Mrs. Dunning's need did not warrant a termination or a reduction in the amount of alimony she is presently receiving. The discussion of the first issue and the facts of this case are set forth in the opinion of the Court of Appeals.

The second issue deals with whether the district court erred when it refused to modify the alimony provision, which is ex-

pressed as a percentage of Dunning's monthly military retirement benefits, and award a definite amount. As to the second issue, we reverse the Court of Appeals.

The alimony provision in the present case awarded Mrs. Dunning 25.3 percent of Dunning's gross military retirement benefits. In 1977, at the time of the divorce, Mrs. Dunning received approximately $524 per month in alimony. At present, Mrs. Dunning is receiving approximately $920 per month in alimony. Mrs. Dunning's alimony has automatically increased over the years and will continue to automatically increase in the future due to the fact that Dunning is required to pay a percentage of his military retirement benefits which increase on a periodic basis. Because Mrs. Dunning was awarded a percentage of Dunning's military retirement benefits as alimony, she has been able to bypass the procedures traditionally required before an increase in alimony is granted, i.e., petitioning the trial court and presenting evidence of changed circumstances.

Dunning asked the trial court to modify the alimony provision and award a definite amount instead of a percentage of his military retirement pay. Both the trial court and the Court of Appeals denied his request. We reverse both the trial court and the Court of Appeals.

We stress that "[t]he public policy on modification of alimony awards is established by § 40–4–7(B)(2) NMSA 1978, which gives the district court the authority to change any order with respect to alimony allowed to either spouse 'whenever the circumstances render such change proper.'" *Brister v. Brister*, 92 N.M. 711, 713, 594 P.2d 1167, 1169 (1979). "Changes in circumstances of divorced parties may warrant reducing or terminating alimony obligations. * * * The focal point in each case is the recipient's need for support. * * * [a]ctual need being the criterion. * * * " *Id.* at 715, 594 P.2d at 1171; see also *Weaver v. Weaver*, 100 N.M. 165, 167, 667 P.2d 970, 972 (1983) ("Need is the first criterion in determining alimony.").

By denying Dunning's motion to award a definite amount in alimony benefits, both the trial court and the Court of Appeals ignore New Mexico's expressed public policy on modification of alimony awards. Alimony awards which provide for automatic increases result in alimony modifications without requiring evidence of changed circumstances. Such awards ignore the basic criteria of the recipient's need and the supporting spouse's ability to pay which must be established by the party seeking to demonstrate need.

For these reasons, we hold that it is not proper to include provisions in divorce decrees which provide for automatic alimony increases, whether they are expressed as escalator clauses, in terms of a percentage of a supporting spouse's income, or based upon a sliding-scale formula.

We affirm in part and reverse in part and remand for proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

RIORDAN, C.J., and WALTERS, J., concur.

FEDERICI, J., not participating.

SOSA, Senior J., dissents.