848 P.2d 1119

**Kollette E. DEEDS, Petitioner–Appellant,**

**v.**

**Clyde H. DEEDS, Respondent–Appellee.**

**No. 13678.**

Court of Appeals of New Mexico.

Feb. 17, 1993.

Juanita S. Roibal, Albuquerque, for petitioner-appellant.

Laurence J. Brock, Albuquerque, for respondent-appellee.

## OPINION

BIVINS, Judge.

Wife appeals the dismissal of her motion to modify alimony awarded for a fixed, limited term. The district court determined that it did not have jurisdiction to modify its 1988 order granting rehabilitative alimony through May 1991. The sole issue on appeal is whether the district court had jurisdiction to modify alimony. Because of the wording of the 1988 order, and the clear legislative authority provided in NMSA 1978, Section 40-4-7(B)(2) (Repl.Pamp.1989), we hold that the court did have jurisdiction and reverse and remand for a hearing on the merits of Wife's motion.

The parties legally separated in 1980 and, pursuant to a final decree of separation, their property was divided and Husband was ordered to pay child support and alimony in the amount of $800 per month. The parties were divorced in 1986. The final decree of divorce continued the payment of child support and alimony, with the district court expressly retaining jurisdiction over those two matters.

In 1988, Wife filed a motion to increase alimony and child support and to establish distinct amounts for each. With regard to alimony, Wife's motion asked the court "to require Respondent [Husband] to pay all educational debts that Petitioner [Wife] has incurred in the course of gaining an education to become self-sufficient. These educational debts must be considered rehabilitative alimony."

The district court entered an order granting the motion, increasing alimony, and distinguishing the amounts to be paid for alimony and child support. The order required Husband to "pay ... $400.00 per month alimony through May, 1991. Alimony payments will cease as of June, 1991." Neither party appealed from that order.

On April 9, 1991, shortly before the expiration date, Wife filed a motion to set aside the above language, terminating alimony as of June 1991, and to increase and continue alimony. In a supplemental motion, Wife asked that Paragraph 5 of the 1988 order be modified to read as follows:

Respondent will pay Petitioner Four Hundred dollars ($400.00) per month alimony until October, 1991, at which time child support payments will cease under Paragraph 1. Beginning November, 1991 Respondent will pay Petitioner One Thousand Five Hundred dollars ($1,500.00) per month if and until such time as Petitioner is able to work and able to earn that amount, or until the Petitioner's death. This amount of support to be guaranteed by a life insurance policy on the life of the Respondent.

As grounds for this modification, Wife alleged that she is now permanently disabled.

Husband moved to dismiss the motion for modification on the basis that the court did not have jurisdiction to reopen the issue of alimony once it had terminated. Husband also argued that the motion was, in effect, a Rule 1-060 motion and had been untimely filed. *See* SCRA 1986, 1-060 (Repl.1992). After a hearing on Husband's motion to dismiss, the special master determined that the court had jurisdiction to consider the motion for modification. The district court adopted that decision and remanded to the special master for a hearing on the merits. Upon reconsideration, the special master determined that the award of alimony provided a lump sum of alimony, which was not modifiable, and granted Husband's motion to dismiss. The district court considered the special master's report and entered its own findings and conclusions on the matter.

The district court determined that the 1988 order granting alimony until June 1991 was a final order that could have been appealed, but was not. The court also determined that no motions under SCRA 1-060 had been filed within one year and there was no claim that the 1988 order was void for lack of jurisdiction. The court determined that Wife's April 9 motion was a motion to modify alimony and was filed prior to the termination of the alimony payments required by the 1988 order. The

court found that there was nothing in the 1988 order that could be construed as an exception to the June 1991 termination of alimony. Finally, the court concluded that the award of alimony in this case was *not* a lump-sum alimony award. Nevertheless, the court concluded it had no jurisdiction to modify an alimony award that specifically stated, without exception, that alimony payments "shall cease" on a date certain. Thus, the motion for modification was dismissed. Wife appeals.

The question of the court's power to modify alimony awards for a fixed, limited term by extending the term or making the award permanent has been the source of considerable confusion and has given rise to differing results in other jurisdictions. *See generally* Russell G. Donaldson, Annotation, *Power to Modify Spousal Support Award for a Limited Term, Issued in Conjunction with Divorce, so as to Extend the Term or Make the Award Permanent*, 62 A.L.R.4th 180 (1988); 2 Homer H. Clark, Jr., *The Law of Domestic Relations in the United States* § 17.6 (2d ed.1987); 24 Am.Jur.2d *Divorce and Separation* § 705 (1983). Where alimony is awarded as periodic payments to be made for a fixed, limited time, some courts have held there is no power to modify the award by requiring payments for an additional period of time, relying on the theory that the alimony awarded is actually alimony in gross (i.e., lump-sum alimony). *See, e.g., Edgar v. Edgar*, 366 Mich. 580, 115 N.W.2d 286, 289–90 (1962) (en banc). Thus, even if the payments may be characterized as alimony, rather than part of the property settlement, a number of courts have held that they may not be modified where the award is a lump sum payable in installments. *See, e.g., Cummings v. Lockwood*, 84 Ariz. 335, 337–40, 327 P.2d 1012, 1014–16 (1958), *modified, Schroeder v. Schroeder*, 161 Ariz. 316, 323, 778 P.2d 1212, 1219 (1989) (en banc) (a fixed-term award of spousal support must be delineated as non-modifiable in the support award to be considered a non-modifiable lump sum); *Whitney v. Whitney*, 15 Ill.App.2d 425, 146 N.E.2d 800, 804–05 (1957); *cf. Ball v. Ball*, 183 Neb. 216, 159 N.W.2d 297, 299–301 (1968) (periodic payments lacked several features of alimony in gross, and trial court's reduction of alimony payments upheld); *Kishner v. Kishner*, 93 Nev. 220, 562 P.2d 493, 494–96 (1977) (award of alimony, payable in installments, found to be lump-sum alimony and not terminable at death or remarriage of recipient spouse).

■ Relying on out-of-state authority, Husband argues that the award in this case under the 1988 order has all the characteristics of a lump-sum award and, therefore, is not modifiable. Although a sum certain can be calculated from the face of the 1988 order by multiplying the monthly payments by the length, in months, of the time period involved, we agree with the district court's finding that the alimony award was not a lump-sum award payable in installments. Lump-sum alimony has been defined as "the award of a definite sum of money; and if the sum is payable in installments[,] the payments run for a definite length of time." *Divorce and Separation, supra*, § 635, at 632. The sum must be paid in full, regardless of future events. *Id.* Lump-sum alimony becomes a vested property right from the day of judgment. *See Michaluk v. Burke*, 105 N.M. 670, 675, 735 P.2d 1176, 1181 (Ct.App.1987). In this case, there is no indication that the district court, in the 1988 order, intended for the full amount to be paid regardless of future events, such as the death of Husband. Thus, we affirm the district court's finding that the alimony is not a lump-sum award. *See Banks v. Banks*, 336 So.2d 1365, 1367 (Ala.Civ.App.1976) (court found that an 18-month award of alimony was not "in gross," in part because there was no intent expressed in the order granting the award that the award bind the paying spouse's estate if the paying spouse died prematurely).

■ Having determined that the 1988 order award was not for a lump sum, we need only to refer Section 40–4–7 for the authority to modify the award. Subsection (B)(2) provides that "[o]n final hearing, the court ... may modify and change any order in respect to alimony allowed either spouse, whenever the circumstances render such change proper." The legislature hav-

ing expressly provided this authority, and the award of alimony in this case not being a lump sum, we believe the award was subject to modification. Because of this statutory authority, we find it unnecessary to rely on out-of-state authority.

■ Rehabilitative alimony has been defined as alimony that is awarded for a fixed period of time, usually short, based on evidence that the recipient spouse will, at the end of the period, be able, through reasonable effort, to support himself or herself. Clark, *supra*, § 17.5, at 265; *see Kulakowski v. Kulakowski*, 191 N.J.Super. 609, 468 A.2d 733, 733 (Ch.Div.1982); *Turner v. Turner*, 158 N.J.Super. 313, 385 A.2d 1280, 1280 (Ch.Div.1978), *overruled on other grounds by Petersen v. Petersen*, 85 N.J. 638, 428 A.2d 1301, 1303 (1981). The purposes of rehabilitative alimony are to give the paying spouse some predictability concerning financial obligations; to prevent possible further court appearances by permitting the court to take into consideration reasonably foreseeable changes in the recipient spouse's circumstances; and to encourage the recipient spouse to find employment or complete education or training leading to employment. Clark, *supra*, § 17.5, at 265; *see Turner*, 385 A.2d at 1280–81; *see also Foutz v. Foutz*, 110 N.M. 642, 643–44, 798 P.2d 592, 593–94 (Ct.App. 1990) (expressing preference for encouraging financial independence of spouses, one from the other). *But cf. Arnold v. Arnold*, 167 N.J.Super. 478, 401 A.2d 261, 262–63 (App.Div.1979) (disagreeing with *Turner*, stating that rehabilitative alimony is not a viable way of encouraging recipient spouse to seek employment, and that the purpose of encouraging self-sufficiency of the recipient spouse does not justify arbitrary future cut-off date for alimony payments).

■ While the purposes of rehabilitative alimony are laudable, Section 40–4–7(B)(2) reflects a recognition that alimony awards can be both a burden to the paying spouse and a crucial factor in the welfare of the recipient spouse, and that changes in either spouse's circumstances can make modifica-

tion of the decree necessary to avoid undue hardship. *See* Clark, *supra*, § 17.6, at 273. In light of the clear statutory language contained in Section 40–4–7(B)(2), we think it is clear that the district court erred in finding that it lacked jurisdiction to hear Wife's motion to modify the award of rehabilitative alimony.

■ We do not wish to be understood that alimony for a fixed period may be modified at any time. When the obligation to pay alimony expires, there is no longer any provision for alimony remaining. Under those circumstances, the district court would have no power to alter or amend alimony. *See Benavidez v. Benavidez*, 99 N.M. 535, 538, 660 P.2d 1017, 1020 (1983). In this case, Wife filed a motion before alimony expired; therefore, the court has jurisdiction to modify the award under the restrictions set forth above.

We therefore affirm the district court's finding that the 1988 order for alimony was not a lump-sum award. We reverse the district court's determination that it had no jurisdiction to modify the award. The dismissal of the motion for modification is reversed and the matter is remanded to the district court for consideration of the merits of the motion.

We reject Husband's request to recover attorney fees on appeal. He did not prevail. *See* SCRA 1986, 12–403 (Repl.1992).

IT IS SO ORDERED.

MINZNER, C.J., and DONNELLY, J., concur.