860 P.2d 785

**Ronald L. RABIE, Petitioner–Appellee,**

**v.**

**Sachiko OGAKI, Respondent–Appellant.**

**No. 14122.**

Court of Appeals of New Mexico.

Aug. 5, 1993.

F. Stephen Boone, Griffith, Boone and Cruse, Los Alamos, for petitioner-appellee.

Sachiko Ogaki, pro se.

## OPINION

HARTZ, Judge.

Sachiko Ogaki appeals from an award of spousal support[1] and attorney's fees in a supplemental judgment of the district court. She contends that the award against her former husband, Ronald Rabie, is inadequate in that (1) the district court

---

[1] The district court used the term "alimony" rather than "spousal support." We adopt the terminology recently chosen by our state legislature. *See* 1993 Laws, ch. 144, amending NMSA 1978, § 40-4-7.

erred in limiting Rabie's obligation to pay spousal support to a maximum of four years and in ordering that it would "permanently terminate" sooner if she fails to make adequate progress towards her certificate in electronics technology from Albuquerque Technical–Vocational Institute (T–VI); (2) the district court erred in failing to order spousal support during a ten-month gap between two orders requiring support; (3) the district court abused its discretion in determining the amount of her attorney's fees to be paid by Rabie; and (4) the district court abused its discretion in determining the amount of support. With respect to the first two contentions, we remand for further findings of fact and conclusions of law, because the district court's findings do not support the termination provisions of the supplemental judgment or the failure to order spousal support during the ten-month gap. Although Ogaki has not properly presented her third contention on appeal, the district court on remand can reconsider the award of attorney's fees. We reject Ogaki's fourth contention.

The district court dissolved the marriage pursuant to a partial decree filed in October 1988. The final decree ordered Rabie to pay Ogaki $535 a month for a period of two years from the date of the partial decree as temporary rehabilitative financial assistance. Although the court found both parties to be fit and proper parents, the court awarded Rabie primary physical custody of their two teen-age children; neither party was required to pay child support. Ogaki appealed the final decree to this Court. In an unpublished opinion filed April 10, 1990, we reversed the portion of the decree concerning spousal support and remanded to give Ogaki an opportunity to present evidence on the issue.

After the evidentiary hearing the district court made the following pertinent findings:

A. That [Ogaki] is approximately 45 years of age.

B. That [Ogaki's] overall health is generally good.

C. That [Ogaki] was born and raised in the Japanese culture and, prior to her marriage to [Rabie], Japanese was her first language.

D. That [Ogaki] is presently employed full-time by an Albuquerque bank, and she earns approximately $5.50 per hour, or $950.00 per month. In addition she has interest income of approximately $100.00 per month.

E. That, due to her problems with the English language and her lack of training, [Ogaki] does not presently possess marketable skills that would enable her to earn significantly more than she presently earns.

F. That [Rabie] is presently employed by the Los Alamos National Laboratory, and he earns $39.40 per hour, or $6,829.00 per month.

G. That the parties were married from September 18, 1970 until October 12, 1988; a period of just over eighteen years.

H. That each of the parties hereto received approximately $37,500.00 as their net share of their tangible community estate.

. . . .

K. That [Rabie] obtained his B.S., his M.S. and his Ph.D. during the marriage of the parties.

. . . .

N. That [Ogaki] has presented a letter to the Court stating that her present employer will not allow her to work part-time, only full-time.

O. That vocational testing has indicated that [Ogaki] is qualified for and suited for obtaining an Electronics Technology Certificate from the New Mexico Technical–Vocational Institute.

P. That if [Ogaki] is required to work full-time, approximately 40 hours a week, it would be unreasonable to require her to take more than six hours per trimester at T–VI.

Q. That, as of the [sic] May 23, 1991, [Ogaki] will need approximately 70 additional credit hours to obtain an Electronics Technology Certificate from T–VI.

R. That, based on [Ogaki's] monthly expenses as provided to the Court, [Ogaki] is in need of financial assistance to be able to work full-time and attend T–VI half-time until she obtains her certificate.

. . . .

V. That during the eighteen year marriage of the parties [Ogaki] dedicated herself to being a homemaker, and she did not acquire wage-earning training or skills.

The court found that Rabie was able to pay alimony in the amount of $650 per month and ordered him to pay Ogaki that amount for a maximum of 48 months, beginning September 1, 1991, conditioned upon Ogaki's continuing to work full time to the extent possible and continuing to make adequate progress toward her certificate. The supplemental judgment specifically provides that:

4. [Rabie's] continuing obligation to pay alimony to [Ogaki] shall permanently terminate upon the happening of any of the following:

A. [Ogaki] fails to continue to make continuous adequate progress toward her Certificate at T–VI;

B. [Ogaki] fails to enroll in at least six credit hours at T–VI each trimester that apply toward her Certificate;

C. [Ogaki] is failing the majority of her classes, but the payments will not automatically terminate if [Ogaki] fails or receives a grade below a "C" in one of her classes;

D. Either party hereto dies;

E. [Ogaki] remarries.

## I. TERMINATION OF SPOUSAL SUPPORT

Ogaki argues that the district court erred in ordering that Rabie's obligation to pay support would terminate automatically in four years and would terminate sooner if she fails to make continuous adequate progress toward her certificate. She contends that these provisions ignore or disregard her needs. We agree.

■■■■ Spousal support represents a substitute for or a continuation of the right to support that the spouse had during marriage. *Brister v. Brister*, 92 N.M. 711, 715, 594 P.2d 1167, 1171 (1979); *Talley v. Talley*, 115 N.M. 89, 92, 847 P.2d 323, 326 (Ct.App.1993). In determining whether to order spousal support, the district court is to consider: (1) the needs of the proposed recipient, (2) the proposed recipient's age, health, and means of self support; (3) the proposed payor's earning capacity and future earnings; (4) the duration of the marriage; and (5) the amount of property owned by the parties. *See Michelson v. Michelson*, 86 N.M. 107, 110, 520 P.2d 263, 266 (1974); *Foutz v. Foutz*, 110 N.M. 642, 798 P.2d 592 (Ct.App.1990). The actual need of the proposed recipient is a focal consideration in determining whether to order spousal support. *See Brister*, 92 N.M. at 715, 594 P.2d at 1171; *Mattox v. Mattox*, 105 N.M. 479, 486, 734 P.2d 259, 266 (Ct. App.1987). Whether to order spousal support, how much to order, and the duration of the order are within the sound discretion of the district court. *See Bustos v. Bustos*, 100 N.M. 556, 559, 673 P.2d 1289, 1292 (1983); *Cox v. Cox*, 108 N.M. 598, 602, 775 P.2d 1315, 1319 (Ct.App.1989).

■■■ Limited-duration support may be appropriate for some purposes, such as to assist the recipient through a brief transition period before reentering the job market or to allow the recipient to gain education or training to enhance earning capacity. *See Deeds v. Deeds*, 115 N.M. 192, 195, 848 P.2d 1119, 1122 (Ct.App.1993); *Bustos v. Bustos* (remanding for limited-duration support where recipient was destitute though ultimately employable); *see also Seymour v. Seymour*, 89 N.M. 752, 557 P.2d 1101 (1976) (remanding for reconsideration of amount of support and possible time limit on award where record showed that recipient had solid, varied job experience but was not looking for a job). The appropriateness of an order for limited-duration rehabilitative support depends on the circumstances of the particular case. For example, not all recipients will be able to increase their earning capacity or should even be expected to try to do so. *See*

*Russell v. Russell*, 101 N.M. 648, 687 P.2d 83 (1984) (affirming award of indefinite-duration spousal support where recipient was 55, with limited job skills and serious medical problems); *Dunning v. Dunning*, 104 N.M. 296, 720 P.2d 1237 (Ct.App.1985) (affirming district court's refusal to modify indefinite-duration spousal support where recipient, despite good faith efforts to improve earning capacity, had not yet been able to do so), *rev'd in part on other grounds*, 104 N.M. 295, 720 P.2d 1236 (1986); *Lewis v. Lewis*, 106 N.M. 105, 115–16, 739 P.2d 974, 984–85 (Ct.App.1987) (observing that awards of limited-duration support have generally involved younger recipients with substantial job skills and relatively short marriages; holding that a 62–year–old recipient who had been married to the payor for nearly forty years, whose marital role was primarily that of a homemaker, and whose spouse is well able to afford alimony, has no obligation to "rehabilitate" herself).

▉ Turning to the present case, we first note that we accept the facts as found by the district court. Ogaki has failed to challenge properly the findings of the district court, *see Martinez v. Southwest Landfills*, 115 N.M. 181, 184–86, 848 P.2d 1108, 1111–13 (Ct.App.1993), so our review is limited to consideration of whether those findings support the judgment. We hold that the findings do not justify the termination provisions in the award of support to Ogaki.

The district court's conclusions of law indicate that the sole purpose of the award was rehabilitation. Conclusions 2, 3, 4, 5, and 6 state, in pertinent part:

2. ... [Ogaki] has demonstrated a need for financial assistance from [Rabie] to enable her to obtain marketable wage-earning skills.

3. Alimony should be viewed as a means of allowing a divorced spouse to gain personal independence by helping the person disadvantaged by the marriage and the divorce to extricate himself or herself from such a position. *Russell v. Russell*, 101 N.M. 648, 687 P.2d 83 (1984).

4. Alimony should not be structured so as to encourage the supported spouse to abdicate his or her responsibility to seek financial independence. *Lovato v. Lovato*, 98 N.M. 11, 644 P.2d 525 (1982).

5. [Ogaki] should be required to make adequate progress toward her certificate at all times, and [Rabie] is entitled to regularly receive proof of such progress.

6. Failure of [Ogaki] to continue to make adequate progress toward her certificate will constitute cause for permanent termination of [Rabie's] obligation to pay alimony to [Ogaki].

On the other hand, the district court awarded substantially more per month than Ogaki needed to attend T–VI. Although the court made no specific finding regarding Ogaki's monthly expenses, the court apparently accepted as true the schedule of monthly expenses provided by Ogaki. Finding R states, "... based on [Ogaki's] monthly expenses as provided to the Court, [Ogaki] is in need of financial assistance to be able to work full-time and attend T–VI half-time until she obtains her certificate." Ogaki's schedule of monthly living expenses listed only $58.24 for tuition and books at T–VI, less than 10% of the $650 per month awarded as spousal support. Because Ogaki continued to work full time while attending T–VI, the support payments could not have been intended to replace income lost by a need to reduce work hours in order to attend classes. Thus, the district court must have concluded that Ogaki was entitled to spousal support for normal living expenses, not just expenses attributable to education.

That being so, automatic termination of spousal support after 48 months could be justified in this case only if at that time Ogaki's income will have increased enough that spousal support would no longer be necessary. But the district court made no findings to that effect. In particular, the court made no findings regarding Ogaki's employability or potential income upon obtaining an electronics technology certificate from T–VI.

148

In the interest of fairness to a spouse who through many years of marriage did not pursue a career and contributed to the family as a homemaker, courts should be very reluctant to terminate spousal support based on a prediction of a future jump in income. Although during the term of a limited-duration order the district court may extend the term or modify it to become an order of indefinite duration, a district court has no power to reconsider its order once the term of a support award has ended. *See Deeds*, 115 N.M. at 195, 848 P.2d at 1122; *cf. Hall v. Hall*, 114 N.M. 378, 385–86, 838 P.2d 995, 1002–03 (Ct.App.) (award of alimony of $1 per year), *cert. denied*, 114 N.M. 314, 838 P.2d 468 (1992). We agree with the California Supreme Court that "[a] trial court should not terminate jurisdiction to extend a future support order after a lengthy marriage, unless the record clearly indicates that the supported spouse will be able to adequately meet his or her financial needs at the time selected for termination of jurisdiction." *In re Marriage of Morrison*, 20 Cal.3d 437, 143 Cal.Rptr. 139, 150, 573 P.2d 41, 52 (1978) (en banc); *see Martin v. Martin*, 573 So.2d 620, 624 (La.Ct.App.1991) (improper to terminate support based on when wife could complete teacher training and accreditation, when no showing that there would be any teaching position available to her); *In re Marriage of Rolfe*, 216 Mont. 39, 699 P.2d 79, 84 (1985) (same); *Molnar v. Molnar*, 173 W.Va. 200, 314 S.E.2d 73 (1984) (insufficient evidence that ex-wife could find work as a programmer after earning computer science degree); *In re Marriage of LaRocque*, 139 Wis.2d 23, 406 N.W.2d 736 (1987) (insufficient evidence that ex-wife would be certified and employable as teacher before expiration of limited-term maintenance); *see generally* Joan M. Krauskopf, *Rehabilitative Alimony: Uses and Abuses of Limited Duration Alimony*, 21 Fam.L.Q. 573 (1988). Under the supplemental judgment, if Ogaki fails to obtain a better-paying job after searching for a few months upon obtaining her technology certificate, it will be too late to reinstate spousal support. *See Deeds.* When a district court finds that a spouse such as Ogaki is entitled to periodic spousal support for normal living expenses but may become self-sufficient in the future, the court ordinarily should not order that periodic support terminate automatically at a future date when the recipient spouse may become self-sufficient. Rather, the proper course is to order such support for an indefinite time, with the payor spouse bearing the burden to move for reduction or elimination of support when it appears that the recipient spouse has in fact become more self-sufficient.

The district court also abused its discretion in ordering termination of benefits if Ogaki fails "to continue to make continuous adequate progress toward her Certificate" or if she fails the majority of her classes. If the purpose of spousal support were only to pay for educational expenses, such termination would make sense. But if one of the purposes of support is to help cover normal living expenses, termination cannot be justified until Ogaki is self-sufficient. Because failure to complete her education would prevent Ogaki from improving her earning capacity, such failure would be a perverse ground to terminate spousal support.

Perhaps the purpose of the termination provisions of the judgment was to induce Ogaki to work hard at her T–VI courses and to search diligently for a good job as soon as she has the necessary certificate. The court's Conclusion 4—"Alimony should not be structured so as to encourage the supported spouse to abdicate his or her responsibility to seek financial independence"—suggests the court's thinking in that regard. Similarly, the provisions requiring termination of support if Ogaki fails in her academic work may indicate that the district court thought that any failure would necessarily be intentional. In the present case, however, such provisions cannot be justified on this ground absent a specific finding that Ogaki had acted in bad faith or, at the least, with inadequate diligence in pursuing her academic courses. The district court made no such finding. *Cf. Seymour*, 89 N.M. at

754–55, 557 P.2d at 1103–04 (employable spouse was not seeking work).

For the foregoing reasons we reverse the provisions in the supplemental judgment regarding termination of spousal support. The district court shall either (1) order that Rabie pay Ogaki spousal support in the amount of $650 per month for an indefinite period or (2) enter amended findings and conclusions supporting a different award of spousal support.

## II. THE GAP IN THE PERIOD OF SPOUSAL SUPPORT

■ The original final decree ordered Rabie to pay spousal support through September 1990. On Ogaki's first appeal we reversed that portion of the decree and remanded the matter for an evidentiary hearing on spousal support. The district court's supplemental judgment of June 4, 1992, orders alimony payments beginning September 1, 1991, and finds that Ogaki "is not entitled to 'back' alimony for the period from November 1, 1990 through August 31, 1991."

The district court's findings and conclusions do not indicate why it denied support for the ten-month period beginning a month after the termination of the originally ordered support. No finding or conclusion suggests any difference in either Ogaki's need or Rabie's ability to pay during that period.

The court's characterization of the requested support as "back" support indicates that it viewed such an award to be "retroactive" in some sense and therefore improper. But there would have been nothing improperly retroactive in awarding the "back" support. Although "[g]enerally, a court cannot retroactively modify a support order that has accrued and become vested," *Chrane v. Chrane*, 98 N.M. 471, 473, 649 P.2d 1384, 1386 (1982), our Supreme Court has held that ordinarily a district court can modify child support payments as of the date of the pleading seeking modification. *See Montoya v. Montoya*, 95 N.M. 189, 619 P.2d 1233 (1980). The same rule applies to spousal support orders. *See Chrane*, 98 N.M. at 473, 649

P.2d at 1386. In this case, because of our reversal of the original support order in Ogaki's first appeal, the district court on remand was ruling on Ogaki's request for support in her original counterpetition filed in July 1987, as amended by subsequent pleadings. Hence, no support was immune from modification when the district court entered its supplemental judgment. The district court therefore had authority to order "back" support.

Because the district court did not explain why it denied support for the period from November 1, 1990, through August 3, 1991, and because the record does not appear to support a denial, we remand for reconsideration by the district court of the issue of support for that period. If the court again denies Ogaki support for this period, it must enter findings that establish the basis for the denial.

## III. ATTORNEY'S FEES AND EXPENSES

■ Ogaki argues on appeal that the district court abused its discretion in ordering Rabie to pay only $2800 toward her attorney's fees and expenses in the preparation and presentation of her case to the district court. Because she has not referred us to the portions of the record that we must review to resolve this issue, Ogaki has not preserved this issue for appeal. *See Martinez*, 115 N.M. at 184–86, 848 P.2d at 1111–13. If we were affirming on all other grounds, we would not address this issue. Nevertheless, the award of $2800 appears to be remarkably low. We therefore note that ordinarily the district court should reconsider an award of attorney's fees and expenses when the judgment is reversed and the matter remanded to that court. *See Segura v. Kaiser Steel Corp.*, 102 N.M. 535, 539, 697 P.2d 954, 958 (Ct. App.1984), *cert. quashed*, 102 N.M. 412, 696 P.2d 1005 (1985).

## IV. THE AMOUNT OF SUPPORT

■ Ogaki argues that the district court abused its discretion by failing to award sufficient spousal support so that

she could live at a more reasonable level and attend school full time for two years in order to obtain an associate's degree. We disagree.

We are uncertain whether Ogaki is attacking the district court's decision that she work full time and attend school part time or the district court's decision that she work toward a certificate in electronics technology rather than an associate's degree. In any event, neither decision constituted an abuse of discretion. The testimony below indicated that Ogaki had considerable language difficulties, that these difficulties had prevented her from passing certain remedial English courses, and that Ogaki would be more likely to increase her standard of living if she focused on vocational training fitting her for a field that would emphasize her considerable intellectual abilities and minimize her difficulties functioning in English. On this record, the district court did not abuse its discretion by deciding that the certificate program was a more realistic objective than an associate's degree.

Similarly, the record indicates that the district court was faced with a choice: it could order a higher level of support for a shorter period of time so that Ogaki could attend school full time, or a lower level of support for a longer period of time while Ogaki continued to work full time. The choice of one rational alternative over another is not an abuse of discretion. *See Talley,* 115 N.M. at 92, 847 P.2d at 326 (where there exist reasons both supporting

and detracting from a district court decision, there is no abuse of discretion).

## V. CONCLUSION

This case raises important issues regarding the propriety of awarding spousal support of limited duration to a spouse who during a lengthy marriage has been a homemaker with essentially no outside employment. Because the district court's findings cannot justify the provisions of the supplemental judgment regarding termination of spousal support and denial of "back" support, we reverse and remand for further findings and conclusions. We also suggest that the district court reconsider what appears to be an inadequate award to Ogaki for expenses in preparing and presenting her case. We reject Ogaki's challenge to the amount of monthly spousal support awarded by the district court for the period up to the termination date set in the supplemental judgment. We award costs in this appeal to Ogaki.

**IT IS SO ORDERED.**

MINZNER, C.J., and CHAVEZ, J., concur.