1997-NMCA-125

950 P.2d 286

**Richard MARTINEZ, Petitioner–Appellee,**

v.

**Lorraine MARTINEZ, Respondent–Appellant.**

No. 17735.

Court of Appeals of New Mexico.

Sept. 24, 1997.

Certiorari Granted Dec. 2, 1997.

Donald C. Schutte, Schutte & Associates, P.C., Albuquerque, for Petitioner–Appellee.

Jane A. Laflin, Butt, Thornton & Baehr, P.C., Albuquerque, for Respondent–Appellant.

## OPINION

DONNELLY, Judge.

1. Lorraine Martinez (Wife) appeals from an order denying her motion to continue and to increase a prior temporary award of spousal support. She raises two issues on appeal: (1) whether the trial court erred in denying her motion to continue and to increase spousal support; and (2) whether the trial court erred in finding that she presented no credible evidence that she suffered from mental illness. For the reasons discussed herein, we reverse and remand for further proceedings.

### FACTS

2. The Parties were married to each other twice. Their first marriage lasted one year, until divorce in 1971. The Parties resumed living together in 1973 and remarried

in 1976. Two children were born of this relationship. The second marriage ended in divorce in June 1994.

3. A final decree dissolving the marriage of the Parties was entered on July 1, 1994. In addition to dividing the community property and community indebtedness of the Parties, the trial court ordered that Richard Martinez (Husband) pay spousal support to Wife in the amount of $1100 per month for twenty-four months. The decree also provided, in part:

> Unless otherwise modified, extended, reduced or eliminated, the obligation to pay alimony herein shall terminate on May 31, 1996. In the event [Wife] petitions the Court to extend [the] alimony award at any amount, she shall be required to prove she has undertaken reasonable steps toward her rehabilitation and employment during the two years in which she receives alimony.

4. On February 27, 1996, Wife filed a motion to continue and increase the prior award of spousal support. At the hearing on Wife's motion, she presented testimony that she worked primarily as a homemaker and mother during the marriages of the Parties. The evidence also indicated that although Wife worked as a clerk-typist prior to the first marriage, she did not work outside the home during the second marriage. During the two-year period that Wife received rehabilitative alimony following the second divorce, Wife took two classes at TV–I in Albuquerque, New Mexico: a human relations class and a computer class. During this period, she also obtained a sales clerk job at Sears which she held briefly until she resigned because of alleged mental and emotional problems. Thereafter, Wife obtained a part-time job working twenty-five hours a week as a file clerk in an Albuquerque law firm. Wife testified she suffered from mental illness which restricted her ability to work or participate in rehabilitative training.

5. Following the hearing the trial court denied Wife's motions to extend or enlarge the award of spousal support. Thereafter, Wife filed a motion for reconsideration and attached an affidavit from Celeste Layne, a clinical psychologist, stating, among other things, that she had treated Wife for mental and emotional problems; that Wife suffered from panic disorder with agoraphobia; and that Dr. Stellman, a psychiatrist, had prescribed medications to treat Wife's condition. Ms. Layne further stated that considering the significant psychological problems Wife suffers from, together with the heavy medication prescribed for her, she "has done and is doing all she can manage." The trial court denied the motion for reconsideration. During the pendency of this appeal, this Court remanded the case for the limited purpose of entering additional findings of fact and conclusions of law and, in the discretion of the trial court, to allow the Parties to file proposed findings of fact and conclusions of law on the issues previously argued during the proceedings below. The trial court permitted the Parties to file additional findings of fact and conclusions of law. Thereafter, each of the Parties submitted requested findings of fact and conclusions of law, and the trial court filed its findings of fact and conclusions of law. On November 14, 1996, the trial court entered a final order denying Wife's request for an increase and continuation of spousal support.

*DISCUSSION*

■ 6. Wife argues that the trial court erred in denying her motion to continue and increase spousal support, and that the trial court failed to consider the evidence of Ms. Layne, a psychologist, that Wife suffered from mental illness. Similarly, Wife's second issue raised on appeal asserts that the trial court erred in refusing to adopt findings of fact regarding Wife's age, health (including mental health), and financial status as it related to her claim that she is mentally disabled and lacked the ability to fully provide for herself. Because the two issues raised by Wife are interrelated, we jointly analyze and discuss these contentions on appeal.

7. In denying Wife's motion for rehearing, the trial court found, among other things, that the final decree provided that Husband's obligation to pay alimony would terminate on May 31, 1996, "[u]nless otherwise modified, extended, reduced or eliminated"; that Wife was required to prove that she has undertaken reasonable steps toward

her rehabilitation and employment during the two-year period following the divorce; and that, although Wife took two classes at Albuquerque TV–I, she "has not enrolled in or engaged in any educational or vocational program in furtherance of any rehabilitation or career development." The trial court also found that Wife "presented no credible evidence in support of her claim of mental illness as it might impede her ability to meet the [requirements] of the Final Decree."

8. Husband's answer brief urges that we affirm the trial court's order entered below. He points out that Wife's therapist did not testify at the hearing on the motion to continue spousal support and that, although Wife testified concerning her claim of mental illness at the initial hearing, "the true substance of [the therapist's] testimony was set out in affidavits attached to the motion for reconsideration."

9. Wife argues, however, that, on motion for rehearing, her psychologist, Ms. Layne, confirmed Wife's claim of mental illness; that in Ms. Layne's opinion Wife suffers from panic disorder with agoraphobia, together with symptoms of depression and anxiety; that this condition can make it impossible to work full-time; that "[p]anic disorder with agoraphobia is an extremely limiting and debilitating illness"; and that, although Wife has achieved marked psychological progress toward her own rehabilitation, working more than she is currently attempting "could be injurious and cause a relapse." Ms. Layne also stated that Wife's "condition is serious enough that she was hospitalized in June of 1993," and that she "had suicidal ideation in September of 1994 and again in April, 1996."

10. The grant or denial of spousal support is a matter primarily entrusted to the sound discretion of the trial court. *See Rabie v. Ogaki*, 116 N.M. 143, 146, 860 P.2d 785, 788 (Ct.App.1993). In reviewing an appeal from an order denying a motion for reconsideration, the appellate court examines the record to determine whether the trial court's ruling constituted an abuse of discretion. *See In re Estate of Kyreazis*, 103 N.M. 2, 5, 701 P.2d 1022, 1025 (Ct.App.1984); *cf. Sandoval v. Sandoval*, 61 N.M. 38, 42, 294 P.2d 278, 281 (1956) ("A motion for rehearing is addressed to sound discretion of trial court....").

11. Review of the trial court's findings of fact and conclusions of law and its order denying Wife's motion to continue or increase spousal support indicates that the trial court determined that Wife failed to demonstrate that she undertook suitable efforts to adequately rehabilitate herself in order to obtain full-time employment. In addition to the trial court's findings of fact and conclusions of law, the court's order denying Wife's motion indicated that it was not persuaded that Wife complied with the terms of the final decree dissolving the marriage of the Parties or that she "undertook reasonable steps toward rehabilitation and employment during the two (2) year period" following the entry of the final decree.

12. The trial court's findings, however, failed to fully address the issue of whether Wife's alleged mental health problems effectively precluded her compliance with the provisions of the final decree. Under NMSA 1978, Section 40–4–7(D) (1993), when making a determination concerning a modification of rehabilitative spousal support, the trial court is required to consider, among other things:

(1) *the age and health of and the means of support for the respective spouses;*

(2) the current and future earnings and the earning capacity of the respective spouses;

(3) the good-faith efforts of the respective spouses to maintain employment or to become self-supporting;

(4) the reasonable needs of the respective spouses, including:

(a) the standard of living of the respective spouses during the term of the marriage;

(b) the maintenance of medical insurance for the respective spouses; and

(c) the appropriateness of life insurance, including its availability and cost, insuring the life of the person who is to pay support ...;

(5) the duration of the marriage;

(6) the amount of the property awarded or confirmed to the respective spouses;

(7) the type and nature of the respective spouses' assets ...;

(8) the type and nature of the respective spouses' liabilities;

(9) income produced by property owned by the respective spouses; and

(10) agreements entered into by the spouses in contemplation of the dissolution of marriage or legal separation. [Emphasis added.]

13. On rehearing, Wife sought to bolster her own testimony concerning her mental condition with the affidavit of Ms. Layne, her treating psychologist, together with textual material from the *Diagnostic and Statistical Manual of Mental Disorders,* Fourth Edition, published by the American Psychiatric Association. Husband, although challenging Wife's credibility, did not offer expert testimony contradicting the opinion of Ms. Layne concerning the extent or degree of Wife's alleged mental disability.

14. Husband emphasizes that under the express language of the final decree dissolving the marriage of the Parties, Wife had the burden of proof to establish her mental condition, the reasonableness of her efforts at seeking rehabilitation, and her employability. He contends the trial court, in reaching its decision, determined that Wife failed to meet this burden. He also emphasizes that the findings of the trial court expressly determined that Wife "presented no credible evidence in support of her claim of mental illness as it might impede her ability to meet the [requirements] of the Final Decree." In essence, Husband contends the trial court found that Wife failed to live up to the terms of the final decree regarding any request to continue or modify spousal support. This argument, however, overlooks the specific requirements of Section 40–4–7(D). *See Scanlon v. Scanlon,* 60 N.M. 43, 49, 287 P.2d 238, 242 (1955) (provisions of statute at time of dissolution of marriage relating to circumstances affecting modification and change of awards of alimony become part of final decree). Thus, under Section 40–4–7(D), the trial court is required, when it considers whether to modify or terminate spousal support, to examine, inter alia, the health of the recipient spouse; the ability of the spouse to become self-supporting; and the economic realities involving each spouse.

15. The undisputed evidence indicated that following an earlier marriage to each other and an extended second marriage of the Parties, during which Wife was primarily a homemaker, Wife is currently earning less than $600 per month; that her mortgage payment is approximately $674 per month; that she is forty-nine years of age; that Husband's financial status has not materially changed since the divorce. The evidence also was undisputed that Wife was currently receiving therapy from a psychologist; that she was taking medication prescribed by a psychiatrist to control her depression and mental problems; and that Wife had previously been hospitalized as a result of mental problems.

16. In light of this evidence, we believe the trial court, in focusing upon the provisions of the final decree regarding Wife's burden of proof, failed to fully consider Wife's prima facie showing that she was suffering from a mental illness. Under such circumstances, the trial court was required to make an express finding concerning the current status of Wife's mental health as it related to her ability to comply with the requirements of the final decree concerning the necessity for a continuation or modification of the prior award of spousal support. The provisions of Section 40–4–7(D)(1), requiring the trial court to consider the *health* of a spouse seeking spousal support, implicitly requires that the court also consider the mental health of a spouse where a prima facie showing has been made concerning the recipient spouse's alleged current mental condition.

17. Previous decisions of both our Supreme Court and this Court have underscored the policy reasons for requiring consideration of many of the factors subsequently adopted by the legislature and enumerated in Section 40–4–7(D) in deciding issues involving claims of spousal support. *See, e.g., Dunning v. Dunning,* 104 N.M. 295, 296, 720 P.2d 1236, 1237 (1986);

*Brister v. Brister,* 92 N.M. 711, 713, 594 P.2d 1167, 1169 (1979); *Hughes v. Hughes,* 91 N.M. 339, 346–47, 573 P.2d 1194, 1201–02 (1978); *Rabie,* 116 N.M. at 147, 860 P.2d at 789.

 18. As observed by this Court in *Rabie,* 116 N.M. at 146–47, 860 P.2d at 788–89, where the parties are divorced following a marriage of extended duration, and a spouse has received an award of spousal support for a limited period, the actual need of the recipient spouse and the ability of that spouse to provide for his or her self-support necessarily constitutes an integral part of the trial court's analysis and resolution of whether to continue or modify spousal support. *See also Lebeck v. Lebeck,* 118 N.M. 367, 370, 881 P.2d 727, 730 (Ct.App.1994) (threshold question involved in issues involving spousal support is need).

19. Wife presented evidence concerning her age, health, limited earning ability, and her current financial needs and living expenses. The trial court made no findings concerning these issues. Having reviewed the record before us, and the order and the findings of the trial court, we are not satisfied that Wife's alleged mental condition, as it may have affected her ability to comply with the terms of the final decree, or that Wife's present financial needs or her ability to be self-supporting, were fully considered by the trial court as required by Section 40–4–7(D). *See also Weaver v. Weaver,* 100 N.M. 165, 167, 667 P.2d 970, 972 (1983) (failure to consider relevant factors in determining award of alimony is abuse of discretion); *Sheets v. Sheets,* 106 N.M. 451, 454, 744 P.2d 924, 927 (Ct.App.1987) (in considering modification of alimony award, trial court should consider, inter alia, need of recipient spouse; spouse's age, health, and means of support; earning capacity and future earnings of payor spouse; duration of marriage; and amount of property owned by parties).

*CONCLUSION*

20. Accordingly, the cause is reversed and remanded for further proceedings consistent with this opinion. On remand, the trial court may, in its discretion, allow the presentation of additional evidence, including expert testimony on Wife's mental condition.

The trial court may also consider, pursuant to Rule 11–706, NMRA 1997, the appointment of an independent mental health expert to report on the mental health of Wife. The Parties shall bear their own costs and attorney's fees on appeal.

21. IT IS SO ORDERED.

WECHSLER and BUSTAMANTE, JJ., concur.