This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**GERRI BYRNE, a/k/a**
**GERRI HUFFMAN,**

Petitioner-Appellee,

v.                                                     **NO. 34,753**

**RICHARD BYRNE,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sylvia Lamar, District Judge**

Julia Hosford Barnes
Santa Fe, NM

for Appellee

Richard V. Byrne, Jr.
Rowe, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Respondent Richard Byrne, a self-represented litigant, appeals from the district court's order denying his motion for reconsideration relative to the district court's

ruling on alimony, after entry of a final decree of dissolution of marriage in October 2012. [1 RP 187; 5 RP 912, 1018, 1077, 1078] Unpersuaded by Respondent's docketing statement, we entered a notice of proposed summary disposition proposing to affirm. Respondent has filed a memorandum in opposition to our notice. We remain unpersuaded and therefore affirm.

{2}     On appeal, Respondent articulated a single issue relative to the district court's modification of the award of spousal support that Respondent is ordered to pay to Petitioner. [DS 3-6] Our notice set forth the relevant facts for each issue and set forth the law that we believed controlled. We do not reiterate our analysis here; instead, we focus on Petitioner's arguments in his memorandum in opposition.

{3}     Respondent takes issue with this Court's proposed summary disposition insofar as we point out that he conceded to a net increase of income, which he contends is incorrect. [MIO 2] We point out that in his motion for reconsideration, Respondent states: "Respondent's current net income is $5,417 per month, an increase of $102 per month from what is was in 2012." [5 RP 1025] He also argued that increasing Petitioner's alimony "based on an increase of $102 per month in net pay is fundamentally unfair and burdensome." [5 RP 1026] Hence, we continue to believe that our characterization of the evidence presented below was correct.

**{4}** We understand Respondent's presentation of the evidence relative to his income and his argument that his available income has decreased due to the loss of his teaching income; [DS 2; 5 RP 1025-26] however, our understanding of that evidence does not change the result we reached in our proposed disposition relative to this issue. As explained in our calendar notice, "[w]hether to order spousal support, how much to order, and the duration of the order are within the sound discretion of the district court." *Rabie v. Ogaki*, 1993-NMCA-096, ¶ 5, 116 N.M. 143, 860 P.2d 785. Absent an abuse of discretion, we will not disturb a district court's award of spousal support. *See Talley v. Talley*, 1993-NMCA-003, ¶ 12, 115 N.M. 89, 847 P.2d 323. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Clark v. Clark*, 2014-NMCA-030, ¶ 8, 320 P.3d 991 (internal quotation marks and citation omitted). Under the circumstances, we cannot say that the district court's decision that Petitioner's increased need outweighed Respondent's harm was an abuse of discretion. Further, Respondent's contention that the amount of spousal support imposes a hardship on him does not render the award inappropriate. *See, e.g.*, *Talley*, 1993-NMCA-003, ¶ 16 (upholding an award of indefinite spousal support, notwithstanding

the fact that the payor's remaining income would not support his normal monthly expenses).

{5}     With respect to Respondent's argument regarding Petitioner's health, the district court, as fact-finder, weighs the credibility of witnesses and resolves conflicts in evidence to reach factual determinations, not this Court. *See generally Chapman v. Varela*, 2009-NMSC-041, ¶ 5, 146 N.M. 680, 213 P.3d 1109 ("[T]he duty to weigh the credibility of witnesses and to resolve conflicts in the evidence lies with the trial court, not the appellate court." (internal quotation marks and citation omitted)). In other words, the fact-finder—here, the district court—determines what the facts are based on the evidence presented by the parties. In doing so, the district court was entitled to reject or accept Petitioner's version of the facts and other evidence she relied on to support her claims about her health. It appears that the district court found Petitioner and her evidence credible and weighed it accordingly.

{6}     Respondent's other arguments have already been addressed by this Court's notice, and we decline to address them further in this opinion because Respondent has not provided any new legal or factual argument that persuades us that our analysis was incorrect. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come

forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, for the reasons set forth in our notice of proposed disposition and in this opinion, we affirm.

{7}    **IT IS SO ORDERED.**

 

---

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

---

**JAMES J. WECHSLER, Judge**

---

**LINDA M. VANZI, Judge**