This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DARON WELCH,**

Petitioner-Appellee/Cross-Appellant,

v.                                                    No. A-1-CA-35570

**JANE CALTON FOSTER WELCH,**

Respondent-Appellant/Cross-Appellee.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Judge**

Eric D. Dixon Attorney and Counselor at Law, P.A.
Eric D. Dixon
Portales, NM

for Appellee

Caren I. Friedman
Santa Fe, NM

Sandra E. Gallagher
Portales, NM

for Appellant

## MEMORANDUM OPINION

**BOHNHOFF, Judge.**

{1}     This appeal arises from the dissolution of the parties' marriage. Respondent Jane Calton Foster Welch (Wife) challenges the district court's orders granting partial summary judgment in favor of Petitioner Daron Welch (Husband) on Wife's claims of community liens against Husband's businesses as well as the district court's final decision and order on division of community property. In addition to contesting the community lien rulings, Wife contends that the district court abused its discretion in refusing to award ongoing spousal support to Wife and in not granting Wife all of the attorney's fees she sought. In his cross-appeal, Husband argues: (1) the district court erred in awarding Wife a $20,000 reimbursement on separate debt; (2) the district court erred in awarding Wife one-half of the income tax she paid following the parties' separation; and (3) the district court erred in awarding Wife temporary spousal support, a lump sum spousal support payment, and attorney's fees. This is a memorandum opinion and because the parties are familiar with the facts and procedural posture of the case, we set forth only such facts and law as are necessary to decide the issues raised.

**BACKGROUND**

{2}     The parties were married on July 13, 2007. At the time of the marriage, Husband held ownership interests in three businesses, WTI, Inc. (WTI), Welch Trucking, Inc. (Welch Trucking), and Bubby & Son, Inc. (Bubby & Son). On October

15, 2013, Husband filed a petition to dissolve the marriage. Husband filed a succession of motions for partial summary judgment on Wife's community lien claim; the district court ultimately granted partial summary judgment as to all three businesses. The district court entered an order dissolving the parties' marriage on March 25, 2015. The district court held an evidentiary hearing on the remaining issues on November 3 and December 17, 2015, and entered its final decision on March 16, 2016.

**DISCUSSION**

**A.    Community Lien**

{3}    Wife argues that for three reasons the district court erred in granting Husband's motions for partial summary judgment on her community lien claim: Husband did not make a prima facie showing of entitlement to summary judgment; genuine issues of material fact in any event precluded summary judgment; and the court additionally erred in granting summary judgment while discovery was ongoing.

{4}    "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc*., 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "The movant need only make a prima facie showing that he is entitled to summary judgment." *Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241. "Upon the

4

movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Id*. "Arguments by counsel are not evidence and cannot be used to create a material issue of fact to defeat summary judgment." *Cain v. Champion Window Co. of Albuquerque, LLC*, 2007-NMCA-085, ¶ 14, 142 N.M. 209, 164 P.3d 90.

{5}     "On appeal, we examine the whole record for any evidence that places a genuine issue of material fact in dispute." *Rummel v. Lexington Ins. Co.*, 1997-NMSC-041, ¶ 15, 123 N.M. 752, 945 P.2d 970. "An issue of fact is 'genuine' if the evidence before the court considering a motion for summary judgment would allow a hypothetical fair-minded fact[-]finder to return a verdict favorable to the non-movant on that particular issue of fact." *Associated Home & RV Sales, Inc. v. Bank of Belen*, 2013-NMCA-018, ¶ 23, 294 P.3d 1276. (internal quotation marks and citation omitted). "We are mindful that summary judgment is a drastic remedial tool which demands the exercise of caution in its application, and we review the record in the light most favorable to support a trial on the merits." *Woodhull v. Meinel*, 2009-NMCA-015, ¶ 7, 145 N.M. 533, 202 P.3d 126 (internal quotation marks and citation omitted). We review de novo a movant's entitlement to summary judgment.

*Hernandez v. Wells Fargo Bank N.M., N.A.*, 2006-NMCA-018, ¶ 5, 139 N.M. 68, 128 P.3d 496.

**1.      Community Lien Legal Principles and Burden of Proof**

{6}      Where the separate character of property "[is] established, it maintains that character until the contrary has been made to appear by direct and positive evidence." *Katson v. Katson*, 1939-NMSC-021, ¶ 5, 43 N.M. 214, 89 P.2d 524. "Therefore, any increase in the value of separate property is presumed to be separate property." *Bayer v. Bayer*, 1990-NMCA-106, ¶ 13, 110 N.M. 782, 800 P.2d 216. Further, an "increase[] in the value of separate property arising from an increase in market value or natural growth belong[] to the owner of the separate property." *Id.* ¶ 21.

{7}      "The presumption may be rebutted by direct and positive evidence that the increase is attributable to community funds or labor." *id.* ¶ 13. A lien in favor of the community may be imposed on a business that is separate property if the "evidence supports a determination that community skill and labor have resulted in an increase in the value of the [business] and whether such efforts were uncompensated or undercompensated." *Zemke v. Zemke*, 1993-NMCA-067, ¶ 21, 116 N.M. 114, 860 P.2d 756 (internal quotation marks and citation omitted). The value of community labor performed on behalf of such business may be established by evidence of the amount of wages paid for comparable work. *See Jurado v. Jurado*, 1995-NMCA-014,

¶ 10, 119 N.M. 522, 892 P.2d 969. Importantly, however, the party claiming the community lien on separate property bears the burden of proving its existence and amount. *See Trego v. Scott*, 1998-NMCA-080, ¶ 8, 125 N.M. 323, 961 P.2d 168; *Smith v. Smith*, 1992-NMCA-080, ¶ 12, 114 N.M. 276, 837 P.2d 869. In particular, if the spouse was paid a definite salary for his or her services, "in the absence of definite evidence of their value, it will be presumed that the salary paid was the value of the services." *Zemke*, 1993-NMCA-067, ¶ 21 (internal quotation marks and citation omitted).

**2.      The Partial Summary Judgment Motions**

{8}      We note initially that the district court was sensitive to the summary judgment requirement that there be no disputed issues of material fact. Husband first sought summary judgment on Wife's community lien claims as to all three of his businesses in a motion filed on June 18, 2014. In an August 20, 2014 order, the district court denied the motion on the grounds that "material issues of fact exist and summary judgment is not appropriate at this time."

{9}      Husband's Renewed Motion. Husband filed a renewed motion for partial summary judgment on August 25, 2014 (Renewed Motion). He supported the Renewed Motion with his affidavit as well as the affidavit of the accountant who prepared tax returns for the three businesses. The affidavits stated that Husband

7

acquired his interests in the businesses prior to marrying Wife; the fair market value of the businesses was not enhanced during the marriage by Wife's labor; the book value of Welch Trucking and WTI had decreased during the marriage; any increase in the value of all three businesses was attributable to the normal growth of the businesses due to market conditions; and Husband was not undercompensated for any of his services to the businesses.

**{10}** In her response to Husband's Renewed Motion, Wife generally disputed whether the businesses were acquired before the marriage and disputed the value of the three companies. However, she did not respond, as required by Rule 1-056(D) NMRA, in opposition to Husband's statement of undisputed material facts. Wife also did not support her arguments with any of her own evidence regarding when she contended Husband acquired his ownership interests in the companies, the values of the companies, or whether Husband was undercompensated for his labor on behalf of the companies. Wife summarily argued that discovery was incomplete, but did not support her argument with an affidavit as contemplated by Rule 1-056(F), explaining why she could not respond to Husband's motion.

**{11}** Following an October 30, 2014, hearing, the district court granted in part and denied in part Husband's Renewed Motion by order entered on November 6, 2014. Citing *Smith*, the district court observed that to prevail on the motion, Wife had to

8

demonstrate "genuine issues of fact regarding an increase in the value of the business due to the efforts of community labor." Because Wife had not rebutted any of Husband's undisputed facts regarding Welch Trucking and WTI, the district court granted the motion as to those entities. The district court determined, however, that, because Husband's statement of undisputed facts did not address the value of Bubby & Son, Husband had not met his prima facie burden of demonstrating the absence of genuine issues of fact regarding the business and denied the motion to that extent.

{12}     Wife's Motion to Set Aside. On December 1, 2014, Wife filed a motion to set aside the district court's November 6, 2014 ruling (Motion to Set Aside). Wife asserted that due to an inability to pay the fee of one accountant and the medical issues experienced by a second accountant, Sandra Calton (Calton), she had been unable to provide an accountant's affidavit to support her opposition to summary judgment until after the October 14, 2014 hearing. Wife also criticized Husband for not providing a fair market valuation of his three businesses and evidence of the value of services comparable to those that Husband had provided to the businesses. However, in her affidavit Calton did not provide her own valuation of the businesses (either current or as of the beginning of the marriage) or an opinion regarding the amount of any undercompensation for Husband's services. Instead, Calton critiqued Husband's reference to the book values of Welch Trucking and WTI, his claim that the

9

companies' value decreased between 2007 and 2014, and his claim that he was not undercompensated.

{13} In a March 16, 2015 ruling, the district court denied Wife's Motion to Set Aside. The court rejected Wife's contention that she was unable to respond to Husband's Renewed Motion due to an inability to obtain an accountant's affidavit, noting that Wife never sought relief pursuant to Rule 1-056(F) and that Calton had admitted in her deposition that she was not asked to provide an affidavit until November 2014, *after* the hearing on the Renewed Motion. The court nevertheless considered the motion on the merits. After noting that Wife bore the burden of establishing an increase in the values of Husband's businesses due to community labor and that such labor was undercompensated, the district court concluded that Wife failed to establish a question of fact on this issue:

> Even if the [c]ourt considered the substance of Calton's affidavit, which it is not inclined to do, [Wife] still has not met her burden. [Husband] bore the initial burden to establish that the property in question, [WTI] and Welch Trucking were separate property. [Husband] met that burden. The burden then shifted to [Wife] to show that while the property may be separate, any increase in the value of the business was made through community labor. . . . Any issues surrounding undercompensation or uncompensation are not ripe until an increase in value of the business has been established. . . . [Wife]'s affidavit of . . . Calton appears to be a critique of [Husband]'s accountant's valuation of the companies. [Wife]'s affidavit does not establish a reasonable doubt as to any genuine issue of fact at issue for summary judgment. A critique of another accountant's valuation is not a *reasonable* doubt as to the facts [at] issue. . . . Multiple accountants may

10

value any business in a myriad of ways. [Wife] argues in the motion to reconsider that book value is improper. The method of valuation is not relevant yet as there has been no increase in value established. [Wife] failed to meet her burden at summary judgment to establish an increase in the value of the businesses.

{14}     Bubby & Son Motion. On May 5, 2015, Husband moved again for partial summary judgment as to Wife's claim of a community lien against his Bubby & Son business (Bubby & Son Motion). The motion essentially repeated the argument and analysis that Husband had presented in his earlier Renewed Motion that the business had not increased in value and that any community labor was not undercompensated. This time, however, Husband also provided values for the assets (for the most part, three trucks) of Bubby & Son and stated that the assets' values had declined since 2007.

{15}     In her response to the Bubby & Son Motion, Wife criticized Husband's assertions and supporting evidence that the business had lost value and that he was not undercompensated. However, Wife again did not offer any valuation or undercompensation amounts of her own, and instead submitted the same Calton affidavit that she proffered in support of her Motion to Set Aside. Significantly, Wife did not invoke Rule 1-056(F) or otherwise seek additional time or discovery in order to respond to the motion.

{16} In its October 5, 2015 order, the district court granted the Bubby & Son Motion. The court reiterated the substantive analysis it articulated in its ruling denying Wife's Motion to Set Aside. Husband had met his burden of establishing a prima facie case of no community lien. Wife, however, had failed to establish a question of fact. She provided no valuation for the business of her own, and instead "Calton's [a]ffidavit merely critiques [Husband]'s valuation of [WTI] and Welch Trucking [but not Bubby & Son]." In addition, Wife presented no evidence to show that Husband was undercompensated. The court noted that Wife had submitted a 2010 order from Husband's previous divorce proceeding that valued Bubby & Son at $43,000 as of 2006, one year prior to his marriage to Wife, but ruled that the order did not establish "a reasonable doubt as to an increase in the value of the company since the marriage."

**3. Husband Made a Prima Facie Showing of Entitlement to Summary Judgment, and Wife Failed to Meet Her Burden of Presenting Evidence That Established Any Genuine Issue of Material Fact**

{17} The district court did not err in granting Husband's Renewed Motion. First, Husband satisfied his burden of establishing a prima facie case that his separate property had not increased in value as a result of undercompensated community labor. The burden of establishing a prima facie case for summary judgment is minimal. *Savinsky v. Bromley Grp.*, Ltd., 1987-NMCA-078, ¶ 2, 106 N.M. 175, 740 P.2d 1159. Further, the owner of a business may state an opinion of the value of the business. *See*

*Lahr v. Lahr*, 1970-NMSC-165, ¶ 6, 82 N.M. 223, 478 P.2d 551; *see also State v. Hughes*, 1988-NMCA-108, ¶ 8, 108 N.M. 143, 767 P.2d 382. Husband made a prima facie showing through his and the companies' accountant's affidavits that the three businesses were Husband's separate property, that the value of the businesses had not increased during his marriage to Wife, and that he had not been undercompensated for his labor. Second, as the district court observed in ruling on Wife's Motion to Set Aside, that Wife did not properly dispute Husband's statement of undisputed material facts in accordance with the requirements of Rule 1-056(D), *see Richardson v. Glass*, 1992-NMSC-046, ¶ 6, 114 N.M. 119, 835 P.2d 835, and more fundamentally, did not submit any evidence of her own with which to establish a question of fact regarding the value of the businesses or undercompensation of Husband's labor. These failings were sufficient grounds for granting summary judgment.

**{18}** The district court also did not err in denying Wife's Motion to Set Aside. The motion effectively was a motion to reconsider the granting of the Renewed Motion. A district court does not abuse its discretion in denying a motion to reconsider if the movant presents evidence or argument that could have been presented at the time the original motion was decided. *See Deaton v. Gutierrez*, 2004-NMCA-043, ¶¶ 9-10, 135 N.M. 423, 89 P.3d 672. Based on Calton's deposition testimony, the district court could conclude that the evidence Wife belatedly proffered with her Motion to Set

13

Aside—Calton's affidavit—in fact had been available prior to the hearing on the Renewed Motion.

{19}     Further, even after considering the Calton affidavit, denying Wife's Motion to Set Aside was still appropriate. Wife seems to contend, as a premise to her appeal, that the district court was obliged to undertake an independent, affirmative investigation into whether undercompensated labor by Husband resulted in an increase in the value of his businesses. Wife is wrong. The burden fell on Wife to present evidence sufficient to create a question of fact. In ruling on the Motion to Set Aside, the court properly focused on Wife's failure to meet this burden, in particular, to present evidence to establish the threshold fact that during the marriage Husband's businesses increased in value at all, much less that the value increased more than would result from normal market conditions. Wife could have met this burden had Calton provided her own opinion regarding an increase in the value of Husband's businesses between 2007 and 2013, and that Husband was undercompensated for his work relative to comparable wages. Calton did not do this, and instead confined her affidavit to criticizing Husband's valuation methodology and evidence. As the district court recognized, this was insufficient to create a question of fact that would preclude summary judgment.

14

{20}     Wife's challenge to the district court's granting of Husband's other motion, the Bubby & Son Motion, can be resolved on similar grounds. Husband established a prima facie case for summary judgment. Wife again failed to present evidence regarding the company's value and undercompensation for Husband's labor. Indeed, she supported her response with Calton's original affidavit, which addressed and criticized Husband's opinions regarding the valuation of WTI and Welch Trucking as opposed to Bubby & Son. Further, the court properly determined that the order entered in connection with Husband's previous divorce litigation regarding the value of the company in 2006 did not suffice to create a question of fact regarding any increase in the value of the company between 2007 and 2014.

**4.     The District Court Did Not Err in Granting Summary Judgment While Discovery Was Ongoing**

{21}     The discovery deadline, which Wife did not attempt to extend, was December 31, 2014. Wife argues that she needed additional time to obtain additional discovery regarding Husband's businesses, and the district court erred in granting Husband's Renewed Motion in November 2014 when discovery was still ongoing. *See Romero v. Giant Stop-N-Go of N.M., Inc.*, 2009-NMCA-059, ¶ 17, 146 N.M. 520, 212 P.3d 408 (noting that, "[i]t is generally inadvisable to grant summary judgment before discovery has been completed"). We review this argument under an abuse of

15

discretion standard. *See Griffin v. Thomas*, 2004-NMCA-088, ¶ 53, 136 N.M. 129, 95 P.3d 1044.

{22}    We see no abuse of discretion. First, and most fundamentally, as the district court itself noted, if Wife believed she needed additional time to obtain additional discovery of financial information regarding Husband's business, the proper procedure for her to follow was set forth in Rule 1-056(F):

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his position, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Wife did not file a Rule 1-056(F) affidavit. *See Giant Stop-N-Go of N.M., Inc.*, 2009-NMCA-059, ¶ 18 (stating that "a party faced with a motion for summary judgment may ask the district court to stay its determination so that the non-movant can conduct discovery needed to rebut the motion. . . . [citing Rule 1-056(F)] If such a stay is sought, *the party must submit an affidavit explaining why additional time and discovery are needed*." (emphasis added)); *see also Williams v. R.H. Donnelley Corp.*, 368 F.3d 123, 126 n.1 (2nd Cir. 2004) (noting that failure to file affidavit is "sufficient grounds to reject a claim that the opportunity [to conduct] discovery was inadequate" (internal quotation marks and citation omitted)).

**{23}** Second, even assuming for the sake of argument that Wife's counsel's statements in her motion papers could substitute for the required affidavit, in light of Calton's deposition testimony, the district court was not persuaded by Wife's explanations why she was unable to procure earlier an accountant's affidavit that established a question of fact regarding the values of Husband's businesses or the undercompensation of his labor. On appeal Wife provides no basis for concluding that the district court's determination was in error.

**{24}** Third, under Rule 1-056(F), in any explanation why additional time and discovery are needed, "vague assertions are insuffcient; rather, the party must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Giant Stop-N-Go of N.M., Inc.*, 2009-NMCA-059, ¶ 18 (internal quotation marks and citation omitted). Wife never provided any such specificity. In her response to Husband's Renewed Motion, Wife claimed that Husband had provided profit and loss statements for only one year of marriage. Not only did Husband dispute this claim (which dispute does not appear to have been resolved), but Wife in any event did not explain how additional profit and loss statements would provide information that would permit her to establish material questions of fact regarding her community lien claim. Wife otherwise asserted only

generally that "discovery was incomplete." We note as well that Wife never stated in her post-summary judgment affidavit that she needed more information (much less identified specific information) before she could form and state opinions about any increase in the value of Husband's businesses since 2007 or undercompensation of Husband's labor. In her response to Husband's Bubby & Son Motion, Wife did not assert at all that she needed additional time to conduct discovery in order to rebut Husband's claim of entitlement to summary judgment as to her claim of a community lien against that company. On the contrary, she confined her argument to the topics addressed above (criticizing Husband's supporting evidence and asserting that the order entered in Husband's previous divorce case created an issue of fact). For all of these reasons, we find no abuse of discretion in the district court's decision not to delay proceeding with Husband's Renewed Motion and Bubby & Son Motion.

**B.    Spousal Support**

{25}    NMSA 1978, Section 40-4-7 (1997), provides that either party in a marriage dissolution proceeding may seek spousal support and identifies a number of factors that the court must consider in making an award. "The actual need of the proposed recipient is a focal consideration in determining whether to order spousal support." *Clark v. Clark*, 2014-NMCA-030, ¶ 7, 320 P.3d 991. The court in considering an award of spousal support must not allow the recipient spouse to abdicate his or her

responsibility to be self-supporting and place that responsibility on the other spouse. *See id.*

{26}     The district court had ordered Husband to pay $2,000 monthly spousal support during the pendency of the divorce proceeding. In its March 16, 2016, final decision and order, the district court terminated the monthly payment and ruled on Wife's request for further ongoing spousal support as follows:

> The focal consideration in spousal support is need. . . . Spousal [s]upport is not a penalty. . . . Section 40-4-7 . . . outlines the factors the [c]ourt must consider. Both parties are relatively healthy, although [Wife] has arthritis and reports that she is unable to stand for long periods of time. [Wife] has her retirement income to provide for her support. [Husband] has his employment and ownership of his separate property businesses to provide for his support. [Husband] only has a high school education, whereas [Wife] has two advanced degrees. [Wife] testified that she has only applied for two jobs since the separation and does not meet current licensure requirements since her retirement in 2007. Testimony of the parties established that during the term of the marriage they lived debt free, took vacations without incurring debt, and lived comfortably. [Wife] currently has medical/health coverage through her retirement, while [Husband] has coverage through his business. The parties were married from July 13, 2007 until March 25, 2015. The only personal property awarded in this case consists of two vehicles and a bed. [Wife] testified she only has one liability, a $2,000.00 loan from her sister. [Wife] owns no other real estate or other significant property, outside of her LPL Financial Money market. [Husband] owns his home and it sits on more than one acre of land. [Husband] and [Wife] entered into no agreements in contemplation of divorce. [Husband] clearly has more resources and readily [disposable] income. Conversely, this marriage only lasted six years. Both parties are capable of being self-employed. The Court therefore orders an additional fixed, one-time spousal support payment of $5,000.00. Monthly support will cease as of January 1, 2016.

The balance in Wife's money market account was approximately $50,000.

{27} Wife contends that the district court "failed to follow the law and the evidence when awarding [ongoing] spousal support." Specifically, she argues that on the basis of her age and health condition; the parties' relative means of support, current income, and future earning capacity and prospects; the amount, type and nature of the property that was awarded to her and Husband; and her standard of living during the marriage and reasonable needs, the court should have awarded ongoing spousal support, and suggests a figure of $3,800.00 per month. Wife does not make a substantial evidence challenge to any of the factual findings reflected in the district court's spousal support ruling. Rather, she effectively challenges the district court's weighing of Section 40-4-7's factors. "Whether to order spousal support, how much to order, and the duration of the order are within the sound discretion of the district court." *Rabie v. Ogaki*, 1993-NMCA-096, ¶ 5, 116 N.M. 143, 860 P.2d 785. Absent an abuse of discretion, we will not disturb a district court's award of spousal support. *See Talley v. Talley*, 1993-NMCA-003, ¶ 12, 115 N.M. 89, 847 P.2d 323. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Clark*, 2014-NMCA-030, ¶ 8 (internal quotation marks and citation omitted).

{28} The question for the district court was whether Wife had any "actual need" for spousal support. The court considered the statutory factors. The court noted that the marriage lasted only six years; both parties were relatively healthy; Wife had retirement income, a money market account with a $50,000 balance, and health insurance coverage; and Wife had no debts. Wife disagrees with the manner in which the district court balanced the various considerations and arrived at its decision to award only $5,000 as a lump sum amount, but such criticism does not rise to the level of abuse of discretion. *In re Camino Real Envtl. Ctr., Inc.*, 2010-NMCA-057, ¶ 23, 148 N.M. 776, 242 P.3d 343(stating that "when reasons both supporting and detracting from a decision exist, there is no abuse of discretion" and "merely identifying the existence of evidence which may have tended to support a different outcome does not demonstrate an abuse of discretion").

## C. Wife's Attorney's Fees

{29} Wife requested an attorney fee award of approximately $31,000. The district court awarded her $10,000. Wife contests the award, arguing that the amount was arbitrary and that she also was entitled to recover her attorney's fees as a sanction for Husband's "obstructive discovery tactics and defiance of court orders throughout the proceedings."

{30}     Section 40-4-7(A), provides that, in a divorce proceeding, "[t]he court may make an order, relative to the expenses of the proceeding, as will ensure either party an efficient preparation and presentation of his case." This authorization encompasses an award of attorney's fees. As the language of the statute indicates, "the central purpose of an award of attorney fees under Section 40-4-7(A) is to remedy any financial disparity between the . . . parties so that each may make an efficient and effective presentation of his or her claims." *Garcia v. Jeantette*, 2004-NMCA-004, ¶ 19, 134 N.M. 776, 82 P.3d 947. In making an award, the district court will consider, among other factors, not only any disparity in the parties' resources but also the parties' relative success on the merits. *Weddington v. Weddington*, 2004-NMCA-034, ¶ 27, 135 N.M. 198, 86 P.3d 623. "Award of attorney fees rests in the discretion of the trial court and [the appellate courts] will not alter the fee award absent an abuse of discretion." *Lenz v. Chalamidas*, 1991-NMSC-099, ¶ 2, 113 N.M. 17, 821 P.2d 355.

{31}     The district court explained its ruling on Wife's attorney's fee request as follows:

> Pursuant to . . . [Section] 40-4-7(A), attorney fees can be awarded where there is financial disparity between the parties as this is the most important factor. . . . This case has at times been vexatious. Neither party has clean hands in this regard. Clearly, [Husband] has more income to pursue litigation. In fact, the [c]ourt has previously ordered an advance of attorney fees. [Wife] attached an affidavit indicating approximately $30,000.00 in attorney fees in this case. The [c]ourt hereby orders [Husband p]ay [Wife] $10,000.00 for attorney fees.

22

**{32}** We see no abuse of discretion in this ruling. First, while the district court noted that Husband had more income, Wife was not destitute. More to the point, Wife was not unable to secure adequate advocacy of her interests in the divorce litigation, which is the underlying purpose of any attorney's fee award. *See Jeantette*, 2004-NMCA-004, ¶ 19. That would have been readily apparent to the court from the fact that both parties had vigorously if not "vexatiously" litigated the case—Wife's attorney's fee request itself reflected that her attorney had devoted approximately 400 hours to the case—and, as previously mentioned, Wife held as her separate property a money market account with an approximately $50,000 balance that would have been available to pay her attorney's fees.

**{33}** Second, Wife had achieved only partial success in obtaining the relief that she sought. Perhaps most significantly, the district court had declined her request for an award of an ongoing, monthly $3,800 spousal support award. The court could take this into account in determining the amount of an attorney's fee award. Wife cites *Economy Rentals, Inc. v. Garcia*, 1991-NMSC-092, ¶ 54, 112 N.M. 748, 819 P.2d 1306, for the proposition that the court could not arbitrarily award Wife only one-third of her attorney's fees on the basis of an "eye-ball estimate," and instead had to enter findings based on evidence. However, our Supreme Court's concern in *Economy Rentals, Inc.*, stemmed from the fact that the commercial litigation in that case

23

involved multiple issues, only one of which permitted an attorney's fee award; the district court therefore had to justify its award of one-half of the requested fees by showing that one-half of the attorneys' time was devoted to advocating the one issue that was the basis for the award. *Economy Rentals, Inc.*, 1991-NMSC-092, ¶ 51-54. That concern is not present here, where pursuant to Section 40-4-7(A) an attorney's fee award is based on all of the work performed in the divorce case. Wife does not cite any authority for the proposition that a district court must enter detailed findings supporting an attorney fee award outside the special context of *Economy Rentals, Inc.* "Where a party cites no authority to support an argument, we may assume no such authority exists." *Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482.

{34} Third, Wife complains that the district court did not award her attorney's fees as a sanction for Husband's failure to make all of the monthly $2,000 interim spousal support payments that the district court had ordered earlier in the litigation. Wife does not cite any authority for the proposition that the district court was *required* to sanction Husband, in particular, award attorney's fees, for his failure to make the payments, and we are not otherwise aware of any such rule. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (holding that this Court will not consider propositions that are unsupported by citation to authority). Under Section 40-4-7(A), any attorney's fee award is in any event

discretionary. The district court was acting in equity, and in considering attorney's fees properly could consider that both parties were guilty of vexatious conduct—for example, during the course of the proceedings Wife moved to disqualify Husband's CPA from testifying, which the district court subsequently denied; Wife filed a motion for sanctions against Husband which was not granted; Wife filed two motions for order to show cause against Husband and the court ruled that both were without merit. We hold there was no abuse of discretion on the part of the district court in not making a separate or additional award of attorney's fees as a sanction for Husband's failure to make the interim support payments.

**D.    Husband's Cross-Appeal**

{35}    On cross-appeal Husband argues that the district court erred in awarding Wife a $20,000 reimbursement for payments of separate debt, awarding Wife one-half of the income tax she paid following the parties' separation, and awarding spousal support and attorney's fees to Wife. To the extent Husband argues that there is an insufficient factual basis to support the court's findings of fact "we review the evidence in the light most favorable to support the district court's findings, resolving all conflicts and indulging all permissible inferences in favor of the decision below." *Jones v. Schoellkopf*, 2005-NMCA-124, ¶ 8, 138 N.M. 477, 122 P.3d 844. However, to the extent Husband attacks the court's conclusions of law including those findings

that function as conclusions, our review is de novo." *See Gabriele v. Gabriele*, 2018-NMCA-042, ¶ 18, ___ P.3d ___. We review a district court's determination whether an item is community or separate debt de novo. *Arnold v. Arnold*, 2003-NMCA-114, ¶ 6, 134 N.M. 381, 77 P.3d 285. As stated, we will not alter an attorney fee or spousal support award absent an abuse of discretion. *Lenz*, 1991-NMSC-099, ¶ 2; *Weaver v. Weaver*, 1983-NMSC-063, ¶ 5, 100 N.M. 165, 667 P.2d 970.

**1.     The District Court Did Not Err in Awarding Wife a $20,000 Reimbursement on Separate Debt**

**{36}**     Husband does not assert a substantial evidence challenge to the district court's factual findings that underlie its ruling on this issue. *See* Rule 12-318(A)(3), (4) NMRA. We therefore assume that the facts material to this issue are undisputed as found by the district court and acknowledged by the parties. Prior to the marriage and in connection with the settlement of his previous divorce, Husband borrowed $100,000 from his mother to pay off a lien on his separate property home. This was Husband's separate debt. Husband does not assert that the loan accrued interest. During the marriage Husband made some of the $500 monthly payments on the loan with funds from a joint bank account into which community income was deposited. Thus, community assets were used to pay Husband's separate debt. Wife sought reimbursement for one-half of any community assets that were used to pay his separate debt. The district court generally agreed with Wife and ruled that she was

26

entitled to a $13,750 reimbursement from Husband for one-half of the payments that Husband made to his mother from the parties' joint account; Wife was not entitled to reimbursement for payments Husband made to his mother from a different account that contained only funds that were his separate property.

{37} In addition, prior to the marriage Husband had purchased a tract of land adjacent to his home from an aunt who apparently had loaned him some or all of the purchase funds, and he was paying her $500 per month. Again, Husband does not assert that the loan accrued interest. During the marriage Husband used the aforementioned joint bank account into which community income had been deposited to make some of the monthly payments to his aunt. Wife sought reimbursement for one-half of any community assets used by Husband to pay this separate debt. The district court ruled that Wife was entitled to reimbursement of $6,250 for one-half of the payments that Husband made to his aunt from the parties' joint account but that Wife was not entitled to reimbursement for payments that Husband made to his aunt from a different bank account into which Husband's separate property funds were deposited.

{38} In *McElyea v. McElyea*, 1945-NMSC-035, 49 N.M. 322, 163 P.2d 635, our Supreme Court held that if the community paid any part of a separate debt, it would be entitled to repayment of the amount so expended. Husband argues, however, that,

27

because he and Wife resided in the home that was his separate property, Wife received a benefit from the payments to his mother and aunt and for that reason he should not have been required to reimburse her for one-half of the payments. Husband cites *Dorbin v. Dorbin*, 1986-NMCA-114, ¶ 30, 105 N.M. 263, 731 P.2d 959, for the proposition that, "[w]hen community [property] is spent to the benefit of separate property, without the acquisition of an asset, for example, when money is paid for interest, taxes and insurance, neither New Mexico statute nor case law authorizes reimbursement." (emphasis omitted). *See also Martinez v. Block*, 1993-NMCA-093, ¶ 12, 115 N.M. 762, 858 P.2d 429 (stating that "the community has no right to be reimbursed for funds spent paying mortgage interest, taxes, or insurance premiums on the asset"). However, Husband points to no evidence that any portion of the loan payments that he made to his mother and aunt were used for payment of interest, taxes or insurance premiums as opposed to simply reducing the principal balance on his separate debts. For this reason, we conclude that the district court did not err in awarding Wife one-half of the loan payments made from community assets.

**2. The District Court Did Not Err in Awarding Wife One-Half of the Income Tax She Paid in the Years Following the Parties' Separation**

{39}     Husband does not assert a substantial evidence challenge to the district court's factual findings that underlie its ruling on this issue. *See* Rule 12-318(A)(3), (4). We therefore assume that the facts material to this issue are undisputed as found by the

28

district court and acknowledged by the parties. Husband filed his 2013 and 2014 income tax returns (filing as "married filing separately") without Wife's knowledge or consent, and as a result Wife also had to file separate returns for the income she received from her retirement pension. Wife paid income tax on the pension income during these two years in the amount of $1,600 and $2,200, respectively. The district court determined that the tax liability was a community debt and that Wife was entitled to reimbursement from Husband of $1,900, one-half of the sum of these payments. Husband argues that the tax liability in fact was Wife's separate debt and she therefore had no right to reimbursement.

{40} In New Mexico, any "debt contracted or incurred by either or both spouses during marriage which is not a separate debt" is a "community debt." NMSA 1978, Section 40-3-9(B) (1983). One type of "separate debt" is an "unreasonable" debt. NMSA 1978, Section 40-3-9(A)(6). A district court "*may* declare, as between the parties, a debt to be unreasonable if it was incurred by a spouse while the spouse was living apart and the debt did not contribute to the benefit of both spouses or their dependents." NMSA 1978, Section 40-3-10.1 (1983) (emphasis added). We construe this language as vesting the district court with discretion to make such a declaration.

{41} Pursuant to Section 40-3-9(B), Wife's 2013 and 2014 income tax liability presumptively was a community debt because the parties were not divorced until

29

2015. The district court in theory might have declared that Wife's income tax liability incurred *after* October 14, 2013, when she and Husband separated, was an "unreasonable" and thus separate debt. However, the district court was not required to treat the post-October 14, 2013, payments as a separate debt. The district court did not expressly discuss why it did not do so, but in its ruling did note that Husband filed his 2013 and 2014 income tax returns without Wife's knowledge or consent, "thereby forcing [Wife] to also to file separate." This consideration is sufficient to support the district court's exercise of discretion in not declaring the debt to be unreasonable. In any event, review of the record below does not reflect that Husband requested the district court to treat Wife's 2014 or any portion of the 2013 tax liability as an unreasonable debt. "[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue." *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273. For all of these reasons we therefore affirm the district court on this issue.

**3.      The District Court Did Not Err in Awarding Wife Temporary Spousal Support, a Lump Sum Spousal Support Payment, and Attorney Fees**

**{42}**      "The district court [in a divorce proceeding] has wide discretion to award spousal support [and attorney's fees,] and its decision will only be set aside if it constitutes an abuse of discretion." *Clark*, 2014-NMCA-030, ¶ 8; *Lebeck v. Lebeck*,

30

1994-NMCA-103, ¶ 27, 118 N.M. 367, 881 P.2d 727. For the same reasons that underlie our denial of Wife's challenges to the district court's rulings on these issues, we reject Husband's arguments that the district court abused its discretion in awarding Wife $2,000 per month spousal support through January 1, 2016 and a final $5,000 lump sum spousal support amount, and in awarding Wife $10,000 in attorney's fees.

**CONCLUSION**

{43}    We affirm the district court.

{44}    **IT IS SO ORDERED.**


_____
**HENRY M. BOHNHOFF, Judge**


**WE CONCUR:**


_____
**JULIE J. VARGAS, Judge**


_____
**DANIEL J. GALLEGOS, Judge**